■ ISIDORE MOSES et al., Appellants, v FERNANDO PINAZO, Defendant and Third-Party Plaintiff-Respondent. NEW YORK COMMUNITY HOSPITAL OF BROOKLYN, INC., Third-Party Defendant-Respondent. [697 NYS2d 66] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1) from an order of the Supreme Court, Kings County (Rappaport, J.), dated March 23, 1998, which granted the motion of the defendant third-party plaintiff, *inter alia*, for summary judgment dismissing the complaint, and (2), as limited by their brief, from so much of an order of the same court, dated September 25, 1998, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated March 23, 1998, is dismissed, as that order was superseded by the order dated September 25, 1998, made upon reargument; and it is further,

Ordered that the order dated September 25, 1998, is affirmed insofar as appealed from; and it is further,

Ordered that the defendant third-party plaintiff-respondent is awarded one bill of costs.

The plaintiff Isidore Moses (hereinafter the plaintiff) worked at the third-party defendant New York Community Hospital of Brooklyn, Inc., as a laboratory clerk. His job responsibilities required him, among other things, to retrieve physicians' prescription slips from the Intensive Care Unit (hereinafter the ICU). On the day of the accident, the defendant Fernando Pinazo, through a sub-contractor, was installing new tile on the floor of the ICU. The plaintiff saw that the ICU room was empty and that half of the ICU floor was heavily coated with glue, but he nevertheless attempted to enter the ICU room by walking on what appeared to be the half of the floor that did not have glue on it. He slipped and sustained injuries.

The plaintiff failed to establish a claim under Labor Law § 241 (6), based on a violation of 12 NYCRR 23-1.7 (d). The plaintiff was employed by the hospital as a laboratory clerk, and had no responsibilities with respect to any construction work going on in the hospital. As such, he cannot be considered within the class of workers the statute was enacted to protect (*see, Shields v St. Marks Hous. Assocs.,* 230 AD2d 903).

Furthermore, the plaintiff gave deposition testimony that he was attempting to navigate around the glue spread on the floor of the ICU when he slipped. Since spreading the glue on the floor was an integral part of the re-tiling process, it cannot be said that the plaintiff was injured by debris or other obstruction as defined in Industrial Code regulation 12 NYCRR 23-1.7 (e) (*see, Garcia v Renaissance Gardens Assocs.,* 242 AD2d 463; *Gist v Central School Dist. No. 1,* 234 AD2d 976).

The defendant Pinazo did not have a common-law duty to warn the plaintiff of the existence of the glue. There is no duty to warn of a potential hazard that is readily observable by the reasonable use of one's senses (*see, Ackermann v Town of Fishkill,* 201 AD2d 441). Here, the plaintiff saw the glue on the floor and was deliberately attempting to avoid it when he slipped. S. Miller, J. P., O'Brien, Ritter and Florio, JJ., concur.