■ LEVI F. SWEET, Respondent, v PACKAGING CORPORATION OF AMERICA, TENNECO PACKAGING, Formerly Known as PACKAGING CORPORATION OF AMERICA, et al., Appellants. [746 NYS2d 104] —Crew III, J.

Defendant Packaging Corporation of America, Tenneco Packaging, formerly known as Packaging Corporation of America, contracted with defendant Monahan-Loughlin Inc. to replace the roof of a building owned by it. Monahan-Loughlin, in turn, subcontracted with A Plus Environmental Services, plaintiff's employer, for the removal of asbestos roofing material from the building, which entailed, inter alia, cutting the roof into four-foot square sections for disposal. On October 19, 1995, plaintiff and a coworker were engaged in removing the four-foot square sections of roofing by simultaneously lifting a section and placing it in a wheelbarrow. As they were lifting one such section, plaintiff's coworker slipped on wet roofing debris causing the full weight of the section to shift onto plaintiff's shovel which, in turn, caused plaintiff to fall and injure his back.

Plaintiff thereafter commenced this action asserting, inter alia, a cause of action under Labor Law § 241 (6). Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint. Supreme Court denied the motions and defendants now appeal.

At his pretrial deposition, plaintiff testified that it had rained the night before the accident, as a result of which the roof that he was working on was wet and slippery. Plaintiff further testified that this slippery condition was caused by the asbestos fibers on the roof becoming wet from the previous evening's rain. Finally, plaintiff testified that he complained to his supervisor about the slippery conditions, but nothing was done in that regard.

Defendants contend that the roof fibers upon which plaintiff's coworker allegedly slipped constituted an integral part of the work site and, thus, no liability may be imposed pursuant to Labor Law § 241 (6) (*see, e.g., Moses v Pinazo*, 265 AD2d 391; *Creamer v Amsterdam High School*, 241 AD2d 589). We disagree. Labor Law § 241 (6) mandates that all contractors and owners must provide reasonable and adequate protection to workers on a construction project and authorizes the Commissioner of Labor to promulgate regulations to effectuate that subsection. Pursuant to the general provisions of the Industrial Code, employers are prohibited from permitting an employee to work on an elevated surface that is in a slippery condition and, specifically, are directed to remove, sand or cover any ice, snow, water, grease or other foreign substance that may cause slippery footing (*see*, 12 NYCRR 23-1.7 [d]). Here, according to plaintiff, it had rained the night before the accident causing the asbestos fibers on the roof to become dangerously slippery. While there can be no doubt that the fibers constituted an integral part of the work site, the precipitation causing them to become slippery did not, and defendants' alleged failure to remedy the slippery condition is actionable. We have considered Monahan-Loughlin's additional contentions and find them equally unpersuasive.

Cardona, P.J., Spain, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.