■ MICHAEL BELTRONE et al., Respondents, v CITY OF NEW YORK et al., Appellants, et al., Defendant. [749 NYS2d 271] —In an

action to recover damages for personal injuries, etc., the defendants City of New York and NY Crane & Equipment Corp. appeal from so much of an order of the Supreme Court, Richmond County (Mastro, J.), dated July 3, 2001, as denied those branches of their motion which were for summary judgment dismissing the causes of action to recover damages for common-law negligence insofar as asserted against NY Crane & Equipment Corp., and for violations of Labor Law § 241 (6) insofar as asserted against the City of New York.

Ordered that the portion of the appeal by the City of New York which is from so much of the order as denied that branch of the motion which was for summary judgment dismissing the cause of action to recover damages for common-law negligence insofar as asserted against NY Crane & Equipment Corp. is dismissed, as the City is not aggrieved by that portion of the order; and it is further,

Ordered that the portion of the appeal by NY Crane & Equipment Corp. which is from so much of the order as denied that branch of the motion which was for summary judgment dismissing the cause of action for violations of Labor Law § 241 (6) insofar as asserted against the City of New York is dismissed, as NY Crane & Equipment Corp. is not aggrieved by that portion of the order; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The injured plaintiff fell off the deck of the crane he was operating when his feet allegedly slipped on oil and rainwater which had accumulated on it. At the time of the accident, the injured plaintiff was employed by a nonparty contractor to operate the crane at the Fresh Kills Landfill, owned by the defendant City of New York. The crane was leased by the injured plaintiff's employer from the defendant NY Crane & Equipment Corp. (hereinafter NY Crane). Those branches of the motion of the City and NY Crane which were for summary judgment dismissing the causes of action alleging common-law negligence against NY Crane and violations of Labor Law § 241 (6) against the City were denied by the Supreme Court. We affirm.

With respect to the plaintiffs' cause of action to recover damages for common-law negligence asserted against NY Crane, the defendants made a prima facie showing that NY Crane neither created nor had actual or constructive notice of the allegedly defective condition (see Zuckerman v City of New York, 49 NY2d 557). However, the plaintiffs established the exis-

tence of triable issues of fact through the deposition testimony of the injured plaintiff. The injured plaintiff testified that a NY Crane mechanic came to the work site on three occasions in an effort to correct the oil leak. He further testified that the mechanic told him that the leak could not be corrected at the work site. He also identified the mechanic, and this identification was corroborated by the deposition testimony of NY Crane's general manager.

The Supreme Court also correctly denied the motion with respect to the plaintiffs' Labor Law § 241 (6) cause of action, based on 12 NYCRR 23-1.7 (d) ("Slipping hazards") and 12 NYCRR 23-1.7 (e) (2) ("Tripping and other hazards * * * Working areas"), asserted against the City. The defendants failed to make a prima facie showing that the deck was not the type of surface contemplated under section 23-1.7 (d). The uncontroverted evidence on the motion established that the deck was a platform used by the injured plaintiff to reach his work area (see Whalen v City of New York, 270 AD2d 340; see also Zeigler-Bonds v Structure Tone, 245 AD2d 80; Cafarella v Harrison Radiator Div. of Gen. Motors, 237 AD2d 936). The defendants also failed to make a prima facie showing that the oil which accumulated on the deck of the crane was not "debris" under section 23-1.7 (e) (2). The oil was not installed, applied, or intentionally placed on the deck of the crane (see Alvia v Teman Elec. Contr., 287 AD2d 421; Moses v Pinazo, 265 AD2d 391; Lenard v 1251 Ams. Assoc., 241 AD2d 391), but rather appeared on the deck because of an oil leak in the crane's engine. Further, its presence on the deck of the crane was inconsistent with the work the injured plaintiff was performing (see Cafarella v Harrison Radiator Div. of Gen. Motors, supra; 12 NYCRR 23-1.7 [e] [2]).

The appellants' remaining contentions are without merit. Santucci, J.P., S. Miller, Schmidt and Townes, JJ., concur.