■ MICHAEL PETERKIN, Appellant, v CITY OF NEW YORK et al., Defendants, and MAURICE RAMOS, Respondent. (And Third-Party Actions.) [773 NYS2d 566]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Dye, J.), dated December 19, 2002, which granted the motion of the defendant Maurice Ramos for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed, with costs.

The plaintiff was injured while helping to unload from a truck bundles of fencing panels that he and a coworker had delivered to an off-site storage yard for subsequent use in a street repair project. The Supreme Court properly granted the motion of the defendant Maurice Ramos for summary judgment dismissing the complaint insofar as asserted against him. The evidence supporting the motion established that at the time of the accident, the plaintiff was not engaged in construction work within the meaning of Labor Law § 240 (1), and was not working in a construction area within the meaning of Labor Law § 241 (6), since the fencing panels were not being "readied for immediate use" (Sprague v Louis Picciano, Inc., 100 AD2d 247, 250 [1984]), but were instead being "stockpil[ed] for future use" (Parot v City of Buffalo, 174 AD2d 1034 [1991]; see also Demeza v American Tel. & Tel. Co., 255 AD2d 743 [1998]). In response, the plaintiff failed to raise a triable question of fact.

The plaintiff's remaining contentions are without merit. Santucci, J.P., Krausman, Luciano and Townes, JJ., concur.