■ CARMINE FURINO, Appellant, v P & O PORTS et al., Respondents, and VNU EXPOSITIONS, INC., Defendants and Third-Party Plaintiffs-Respondents. GES EXPOSITION SERVICES, INC., Third-Party Defendant-Respondent. [806 NYS2d 227]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Weiss, J.), dated August 24, 2004, as granted those branches of the motion of the defendants VNU Expositions, Inc., Billcom, Inc., and Bill Communications, Inc., and the cross motion of the defendants P & O Ports, P & O Ports North America, Inc., and International Terminal Operating Co., Inc., which were for summary judgment dismissing the complaint insofar as asserted against them, and, as granted that branch of the cross motion of the third-party defendant GES Exposition Services, Inc., which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff allegedly was injured when he tripped on nails in a trailer while unloading crates containing chairs that were to be used at a trade show on a pier operated by the defendant P & O Ports. The nails came from "chocks," pieces of wood with three to four nails in them, which held the crates in place while the trailer was being driven. Allegedly, a coworker removed the chocks, but left the nails embedded in the trailer's floor. The plaintiff commenced this action against the operator of the pier and its successor corporations and the operator of the trade show and its successor corporations. A third-party action was commenced against the plaintiff's employer.

Insofar as is relevant to this appeal, the complaint alleged, among other things, that the defendants violated Labor Law § 241 (6) by failing to keep the floor of the trailer free from accumulations of debris. The defendants and the third-party defendant (hereinafter collectively the respondents) moved and cross-moved, inter alia, for summary judgment dismissing the complaint, on the ground that the plaintiff was not engaged in "construction work" when he was injured. The Supreme Court granted the motions and cross motion and we affirm.

The respondents made a prima facie case establishing their entitlement to judgment as a matter of law by demonstrating that Labor Law § 241 (6) was inapplicable because the plaintiff was not engaged in "construction work" (*see Peterkin v City of New York*, 5 AD3d 652 [2004]; *Vernieri v Empire Realty Co.*, 219

AD2d 593, 595-597 [1995]; *Vilardi v Berley*, 201 AD2d 641, 643-644 [1994]). In any event, liability cannot be based on 12 NYCRR 23-1.7 (e) (2) because the plaintiff allegedly tripped on an object that was an integral part of the work he was performing (*see Salinas v Barney Skanska Constr. Co.*, 2 AD3d 619, 622 [2003]; *Alvia v Teman Elec. Contr.*, 287 AD2d 421, 423 [2001]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Vernieri v Empire Realty Co., supra* at 595-597).

The plaintiff's remaining contention is without merit (*see Herman v St. John's Episcopal Hosp.*, 242 AD2d 316, 317 [1997]). Florio, J.P., Schmidt, Fisher and Dillon, JJ., concur.