■ PHILBERT THOMAS, Appellant, v AUDREY CLAFFEE et al., Defendants and Third-Party Plaintiffs-Respondents. DANIEL CRAWFORD et al., Third-Party Defendants. [807 NYS2d 131]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated May 20, 2004, as granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging common-law negligence.

Ordered that the order is affirmed insofar as appealed from, with costs to the defendants.

The plaintiff, an experienced construction worker, was repairing a leak in the chimney shared by the attached homes owned by the defendants, Audrey Claffee and Hugh C. Henry, and the third-party defendants, Daniel Crawford and Dorrie Crawford. The chimney divided a shared roof between the two homes where the plaintiff was standing while making repairs. After repairing the side of the chimney used by the Crawfords, the plaintiff ventured across the roof to repair the side of the chimney on the defendants' property. The defendant Audrey Claffee previously had promised to open a window near the defendants' side of the chimney so that the plaintiff could tie a rope to secure himself to the chimney, as he had done while repairing the side of the chimney on the Crawfords's property. Upon reaching the window, the plaintiff found that it was closed. He subsequently fell off of the roof, sustaining injuries.

The defendants established their prima facie entitlement to judgment as a matter of law. Although the plaintiff argues that a triable issue of fact exists as to whether his injuries were caused as a result of Claffee's failure to open the window next to the chimney as promised, the plaintiff failed to present evidence as to how this failure proximately caused his injuries, especially in light of the plaintiff's failure to use any safety devices while walking on the sloped roof (see Heard v City of New York, 82 NY2d 66, 72 [1993]). Accordingly, the Supreme Court correctly granted that branch of the motion which was for summary judgment dismissing the cause of action alleging common-law negligence, as the plaintiff failed to raise a triable issue of fact. Krausman, Rivera and Covello, JJ., concur.

S. Miller, J.P., dissents and votes to reverse the order insofar as appealed from, deny that branch of the motion which was to dismiss the cause of action alleging common-law negligence, and reinstate that cause of action, with the following memoran-

dum: I do not agree with my colleagues that the defendants established their entitlement to summary judgment dismissing the plaintiff's common-law negligence claims, and thus, I dissent.

The plaintiff was hired by his sister, the third-party defendant Dorrie Crawford, and her neighbors, the defendants, Audrey Claffee and Hugh C. Henry, to repair a leak in the chimney shared by their attached single-family houses. The plaintiff performed repairs on the Crawford side of the chimney, securing himself with a safety line which he tied off to the frame of an open window. After completing that portion of the job, the plaintiff, "hugging" the chimney, proceeded around to the defendants' roof. According to the plaintiff, the defendant Claffee had previously opened a window on her side of the chimney for the plaintiff to tie off his safety line. However, the subject window was closed, leaving the plaintiff with no place to tie his line. Essentially stranded on the roof, the plaintiff tried to climb to the window to open it, but just as he reached it, the plaintiff fell off the roof, sustaining personal injuries.

The plaintiff commenced this action, inter alia, to recover damages for negligence. The plaintiff has abandoned his challenge to the dismissal of his Labor Law § 200 claims. The defendants moved for summary judgment dismissing, among other things, this cause of action, contending that the plaintiff was negligent in "attempting to walk around the sloped lower roof of [their] house without a ladder, scaffold, safety belt or other safety devices." The Supreme Court granted the motion. My colleagues affirm. I disagree.

The common-law duty of a landowner is to provide a safe workplace (*see Matter of New York City Asbestos Litig.*, 5 NY3d 486 [2005]). If the plaintiff was injured in whole or in part as a result of a dangerous condition on the defendants' property, which they created, or of which they had actual or constructive notice, they may be held liable for the plaintiff's injuries under a common-law negligence theory irrespective of whether they supervised the plaintiff's work (*see Kerins v Vassar Coll.*, 15 AD3d 623 [2005]; *Oganessian v Eternal Mems.*, 305 AD2d 387 [2003]; *Beltrone v City of New York*, 299 AD2d 306 [2002]).

The defendants demonstrated, prima facie, that they had no notice of, and did not create, a dangerous condition; they denied ever agreeing to open the window for the plaintiff. However, in opposition, the plaintiff demonstrated the existence of a triable issue of fact as to whether the defendants created a dangerous condition by closing the window he was explicitly told would be left open, thereby denying him the ability to tie off his safety

line. Indeed, the record suggests that the plaintiff recognized the importance of using his line, and that he would not have agreed to perform this work without the use of a safety line. The defendants' alleged act of closing the window, while the plaintiff was on the Crawfords' side of the chimney, left the plaintiff with few options once he squeezed around the chimney and arrived on the defendants' roof. He could either go back, or attempt to reach the window to open it to tie off his line. As I see it, a triable issue of fact exists as to the parties' respective culpability. Therefore, that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging common-law negligence should have been denied.