■ JOHN STAFFORD, Respondent-Appellant, v VIACOM, INC., et al., Defendants and Third-Party Plaintiffs-Respondents, and GSL ENTERPRISES, INC., Respondent. JACKSON VOICE DATA, INC., et al., Third-Party Defendants-Respondents; SCS SYSTEMS, LTD., et al., Third-Party Defendants-Appellants-Respondents. [819 NYS2d 782]—

In an action to recover damages for personal injuries, (1) the third-party defendant third third-party plaintiff appeals from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated January 21, 2003, as granted that branch of the plaintiff's motion which was to restore the action to the trial calendar and denied its motion to dismiss the complaint insofar as asserted against it for failure to prosecute pursuant to CPLR 3404, (2) the second third-party defendant fourth third-party plaintiff separately appeals, as limited by its notice of appeal and brief, from so much of the same order as denied its cross motion, in effect, for summary judgment dismissing the complaint insofar as asserted against the defendant third-party plaintiff and the defendant second third-party plaintiff, (3) the second fourth-party defendant separately appeals, as limited by

its notice of appeal and brief, from so much of the same order as denied its cross motion, in effect, for summary judgment dismissing the complaint insofar as asserted against the defendant third-party plaintiff and the defendant second third-party plaintiff, and (4) the plaintiff cross-appeals, as limited by his notice of appeal and brief, from so much of the same order as denied that branch of his motion which was for leave to amend the complaint to assert a cause of action pursuant to Labor Law § 241 (6) based on a violation of 12 NYCRR 23-1.7 (d).

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

On November 7, 1994 the plaintiff, an electrician, allegedly sustained injuries when he slipped and fell on glue at a renovation project inside a building. The glue was being applied to the floor to install carpeting or floor tiles near the plaintiff's work area. The owner of the building was the defendant second third-party plaintiff, 1515 Broadway Associates, L.P. (hereinafter 1515 Broadway). The tenant of the building, responsible for the renovation, was the defendant third-party plaintiff, Viacom, Inc. (hereinafter Viacom). The construction manager and general contractor for the project was the second third-party defendant fourth third-party plaintiff, Lehr Construction Corp. (hereinafter Lehr). Lehr subcontracted the floor tiles and carpeting work to the third-party defendant third third-party plaintiff, SCS Systems, Ltd. (hereinafter SCS). SCS subcontracted the work to the third third-party defendant fourth third-party defendant second fourth-party plaintiff, LJB Services, Inc. (hereinafter LJB), which subcontracted the work, among others, to the second fourth-party defendant Jovian Flooring, Inc. (hereinafter Jovian). The plaintiff was employed by a contractor hired to perform communications cable work.

The plaintiff commenced this action against 1515 Broadway and Viacom, among others, alleging common-law negligence and a violation of Labor Law § 200. Viacom commenced a third-party action, inter alia, for contribution and indemnification against SCS, and 1515 Broadway commenced a third-party action against Lehr for the same relief against Lehr.

On May 11, 2001 the case was marked off the trial calendar upon the plaintiff's application, inter alia, to amend the complaint. On May 9, 2002 the plaintiff moved, inter alia, to restore the case and for leave to amend the complaint to assert a cause of action pursuant to Labor Law § 241 (6) based on a violation of 12 NYCRR 23-1.7 (d). It is not disputed that the plaintiff failed to serve SCS with his motion. Subsequently, SCS moved to dismiss the complaint insofar as asserted against it for

failure to prosecute pursuant to CPLR 3404. Lehr and Jovian separately cross-moved for summary judgment, in effect, dismissing the plaintiff's complaint insofar as asserted against Viacom and 1515 Broadway. The Supreme Court, inter alia, denied SCS's motion to dismiss the action pursuant to CPLR 3404, denied that branch of the plaintiff's motion which was for leave to amend the complaint, and denied the respective cross motions of Lehr and Jovian.

"To establish liability against an owner or general contractor pursuant to Labor Law § 200, it must be established that the owner or general contractor exercised supervision and control over the work performed at the site, or had actual or constructive notice of the allegedly unsafe condition" (*Dennis v City of New York*, 304 AD2d 611, 612 [2003]; *see Parisi v Loewen Dev. of Wappinger Falls*, 5 AD3d 648 [2004]; *Lara v Saint John's Univ.*, 289 AD2d 457 [2001]; *Weaver v Chan*, 224 AD2d 519, 519-520 [1996]). Here, neither Lehr nor Jovian established their prima facie entitlement to summary judgment, as the evidence was insufficient to show that 1515 Broadway and Viacom did not exercise supervision or control over the work of the carpet tile installation or that 1515 Broadway and Viacom did not have actual or constructive notice of the allegedly unsafe condition that allegedly caused the plaintiff's accident (*see Bornschein v Shuman*, 7 AD3d 476, 479 [2004]).

The Supreme Court properly denied that branch of the plaintiff's motion which was for leave to amend the complaint to assert a cause of action pursuant to Labor Law § 241 (6) based on a violation of 12 NYCRR 23-1.7 (d), since applying the glue on the floor was an integral part of the installation of the carpeting or floor tiles (*see Salinas v Barney Skanska Constr. Co.*, 2 AD3d 619, 622 [2003]; *Sweet v Packaging Corp. of Am., Tenneco Packaging*, 297 AD2d 421 [2002]; *Moses v Pinazo*, 265 AD2d 391 [1999]; *Stasierowski v Conbow Corp.*, 258 AD2d 914 [1999]; *Gist v Central School Dist. No. 1 of Towns of Elma, Marilla, Wales, Lancaster & Aurora, Erie County, & Bennington, Wyoming County*, 234 AD2d 976, 977 [1996]; *Basile v ICF Kaiser Engrs. Corp.*, 227 AD2d 959 [1996]).

SCS's contentions are improperly raised for the first time on appeal and/or are without merit. Schmidt, J.P., Ritter, Santucci and Lunn, JJ., concur.