■ JOHN STAFFORD, Plaintiff, v VIACOM, INC., Defendant and Third-Party Plaintiff-Respondent, et al., Defendants. JACKSON VOICE DATA, INC., et al., Third-Party Defendants; SCS SYSTEMS, LTD., Third-Party Defendant-Appellant. (And Other Captions.) [818 NYS2d 782]—In an action to recover damages for personal

injuries, the third-party defendant SCS Systems, Ltd., appeals from an order of the Supreme Court, Queens County (Kitzes, J.), dated April 15, 2005, which denied its motion, in effect, for summary judgment dismissing the third-party complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The facts relevant to this appeal are set forth in *Stafford v Viacom, Inc.*, 32 AD3d 388 [2006] [decided herewith]).

The third-party defendant SCS Systems, Ltd. (hereinafter SCS), failed to demonstrate, prima facie, its entitlement to judgment as a matter of law dismissing the third-party complaint insofar as asserted against it (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). SCS failed to establish the absence of any triable issues of fact as to whether it controlled the work or had the authority to control, supervise, or direct the work which allegedly gave rise to the plaintiff's injuries. Schmidt, J.P., Ritter, Santucci and Lunn, JJ., concur.