■ KENNETH DUBIN, Appellant, v S. DiFAZIO AND SONS CONSTRUCTION, INC., et al., Respondents. [826 NYS2d 325]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Queens County (Weiss, J.), dated May 12, 2005, as granted that branch of the motion of the defendant Taru Associates Corp., which was for summary judgment dismissing the cause of action to recover damages pursuant to Labor Law § 241 (6) insofar as asserted against it, and (2) so much of an order of the same court dated August 18, 2005, as granted those branches of the respective motions of the defendants DiFazio and Sons Construction, Inc., and Restani

Construction, doing business as Excellent Asphalt Paving and Construction, which were for summary judgment dismissing the cause of action to recover damages pursuant to Labor Law § 241 (6) insofar as asserted against them.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

"[T]he question of whether inspection work falls within the purview of Labor Law § 240 (1) and § 241 (6) 'must be determined on a case-by-case basis, depending on the context of the work' " (*Nelson v Sweet Assoc., Inc.*, 15 AD3d 714, 715 [2005], quoting *Prats v Port Auth. of N.Y. & N.J.*, 100 NY2d 878, 883 [2003]). Here, the plaintiff, an inspector for the New York City Department of Design and Construction, was a "covered" person under Labor Law § 241 (6) insofar as his inspections were essential, ongoing, and more than mere observation (*see Prats v Port Auth. of N.Y. & N.J., supra; England v Vacri Constr. Corp.*, 24 AD3d 1122 [2005]; *Campisi v Epos Contr. Corp.*, 299 AD2d 4, 7 [2002]; *Reisch v Amadori Constr. Co.*, 273 AD2d 855 [2000]; *Aubrecht v Acme Elec. Corp.*, 262 AD2d 994 [1999]; *cf. Martinez v City of New York*, 93 NY2d 322 [1999]).

Nevertheless, the defendants demonstrated their prima facie entitlement to judgment as a matter of law by submitting evidence that Industrial Code regulations 12 NYCRR 23-1.7 (e) (1) and (2) were inapplicable insofar as the plaintiff allegedly tripped on an object that was an integral part of the work being performed at the site of his accident (*see McDonagh v Victoria's Secret, Inc.*, 9 AD3d 395, 396-397 [2004]; *Castillo v Starrett City*, 4 AD3d 320 [2004]; *Schroth v New York State Thruway Auth.*, 300 AD2d 1044 [2002]; *Harvey v Morse Diesel Intl.*, 299 AD2d 451, 453 [2002]; *Beltrone v City of New York,* 299 AD2d 306 [2002]; *Alvia v Teman Elec. Contr.*, 287 AD2d 421 [2001]; *Adams v Glass Fab*, 212 AD2d 972 [1995]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Furino v P & O Ports*, 24 AD3d 502 [2005]).

The plaintiff's remaining contentions are without merit. Florio, J.P., Goldstein, Lunn and Dillon, JJ., concur.