■ JADWIGA GALAZKA et al., Appellants, v WFP ONE LIBERTY PLAZA CO., LLC, et al., Respondents, et al., Defendant. (And Other Titles.) [865 NYS2d 689]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of three orders of the Supreme Court, Kings County (Vaughan, J.), all dated June 13, 2007, as granted those branches of the respective motions of the defendants WFP One Liberty Plaza Co., LLC, and BFP One Liberty Plaza Co., LLC, the defendant Continental Machinery Company, Inc., and the defendant Environmental Disaster Services which were for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The Supreme Court properly awarded summary judgment to the moving defendants dismissing the plaintiffs' Labor Law § 241 (6) cause of action, based on 12 NYCRR 23-1.7 (d) and (e) (2), insofar as asserted against each of them because the wet plastic upon which the injured plaintiff slipped was an integral part of the asbestos removal project on which the injured plaintiff was working (see O'Sullivan v IDI Constr. Co., Inc., 7 NY3d 805, 806 [2006]). The moving defendants submitted evidence that the plastic was specially designed and required to

collect the accumulation of asbestos fibers during asbestos removal, and that safety regulations required the asbestos fibers to be constantly wet so as to prevent them from filling the air. As such, the wet plastic and asbestos fibers were neither a "foreign substance" as defined by 12 NYCRR 23-1.7 (d) (*see Stafford v Viacom, Inc.*, 32 AD3d 388, 390 [2006]; *Salinas v Barney Skanska Constr. Co.*, 2 AD3d 619, 622 [2003]; *Sweet v Packaging Corp. of Am., Tenneco Packaging*, 297 AD2d 421, 422 [2002]; *Gist v Central School Dist. No. 1 of Towns of Elma, Marilla, Wales, Lancaster & Aurora, Erie County, & Bennington, Wyoming County*, 234 AD2d 976, 977 [1996]; *Basile v ICF Kaiser Engrs. Corp.*, 227 AD2d 959 [1996]; *cf. Stasierowski v Conbow Corp.*, 258 AD2d 914, 915 [1999]), nor "debris" within the meaning of 12 NYCRR 23-1.7 (e) (2) (*see Castillo v Starrett City*, 4 AD3d 320, 322 [2004]; *Salinas v Barney Skanska Constr. Co.*, 2 AD3d at 622; *Harvey v Morse Diesel Intl.*, 299 AD2d 451, 453 [2002]; *Alvia v Teman Elec. Contr.*, 287 AD2d 421, 423 [2001]). In opposition to the moving defendants' prima facie establishment of their respective entitlements to judgment as a matter of law, the plaintiffs failed to raise a triable issue of fact.

The plaintiffs' remaining contentions either are improperly raised for the first time on appeal or need not be considered in view of the foregoing. Skelos, J.P., Covello, Balkin and Dickerson, JJ., concur.