In an action to recover damages for personal injuries, the defendant Interstate Materials Corporation appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Maltese, J.), dated May 31, 2007, as denied those branches of its motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200 and 241 (6) and common-law negligence insofar as asserted against it.
Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant Interstate Materials Corporation which was for summary judgment dismissing the cause of action to recover damages for a violation of Labor Law § 241 (6) and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The Supreme Court erred in denying that branch of the motion of the defendant Interstate Materials Corporation (hereinafter Interstate) which was for summary judgment dismissing the plaintiff’s Labor Law § 241 (6) claim. Interstate demonstrated, prima facie, that the plaintiffs accident did not occur in connection with construction, demolition, or excavation work (see Nagel v D & R Realty Corp., 99 NY2d 98 [2002]; Gleason v Gottlieb, 35 AD3d 355, 356 [2006]; Peterkin v City of New York, 5 AD3d 652 [2004]; Demeza v American Tel. & Tel. Co., 255 AD2d 743 [1998]; Sprague v Louis Picciano, Inc., 100 AD2d 247, 250 [1984]). In opposition, the plaintiff failed to raise a triable issue of fact.
However, the court properly denied that branch of Interstate’s motion which was to dismiss the plaintiff’s common-law negligence and Labor Law § 200 claims. To be held liable under Labor Law § 200 and for common-law negligence arising from the manner in which work is performed at a work site, an owner or general contractor must have authority to supervise or
*723 control the work performed at the site (see Lombardi v Stout, 80 NY2d 290, 295 [1992]; Ortega v Puccia, 57 AD3d 54, 62-63 [2d Dept 2008]; McLeod v Corporation of Presiding Bishop of Church of Jesus Christ of Latter Day Sts., 41 AD3d 796 [2007]; Guerra v Port Auth. of N.Y. & N.J., 35 AD3d 810, 811 [2006]). Specifically, an owner or general contractor must have had the authority to control the activity bringing about the injury so as to enable it to avoid or correct an unsafe condition (see Russin v Louis N. Picciano & Son, 54 NY2d 311, 316-317 [1981]; Dos Santos v STV Engrs., Inc., 8 AD3d 223, 224-225 [2004]). Here, the subject accident arose from the manner in which the plaintiff performed his work, and Interstate, as movant, failed to make a prima facie showing that it did not have the authority to control the manner in which the work was performed. Accordingly, that branch of Interstate’s motion which was to dismiss the plaintiffs common-law negligence and Labor Law § 200 claims was properly denied regardless of the sufficiency of the opposing papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
In view of the foregoing, we need not reach Interstate’s remaining contention. Mastro, J.E, Angiolillo, Garni and Eng, JJ., concur. [See 2007 NY Slip Op 31485(U).]