■ DAMIAN VENEZIA, Appellant, v STATE OF NEW YORK, Respondent. [868 NYS2d 710]—

Labor Law § 241 (6) imposes a nondelegable duty of reasonable care upon an owner or general contractor to provide reasonable and adequate protection to workers on the premises (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343 [1998]). In order to establish liability under Labor Law § 241 (6), a claimant is required to establish a breach of a rule or regulation of the Industrial Code which gives a specific, positive command (*see Singleton v Citnalta Constr. Corp.*, 291 AD3d 393, 394 [2002]).

Here, the claimant alleges that the State violated two provisions of the Industrial Code: 12 NYCRR 23-1.7 (e) and 23-2.1. In opposition to the defendant's prima facie showing of entitlement to judgment as a matter of law, the claimant failed to raise a triable issue of fact as to whether 12 NYCRR 23-1.7 (e) was violated. The rebar upon which he tripped was an integral part of the construction (*see O'Sullivan v IDI Constr. Co., Inc.,* 7 NY3d 805 [2006]; *Stafford v Viacom, Inc.,* 32 AD3d 388, 390 [2006]; *Furino v P & O Ports,* 24 AD3d 502, 503-504 [2005]; *cf. Laboda v VJV Dev. Corp.,* 296 AD2d 441 [2002]). Moreover, the claimant failed to raise a triable issue of fact with respect to his reliance on 12 NYCRR 23-2.1. That section of the Industrial Code lacks the specificity required to be a predicate for liability under Labor Law § 241 (6) (*see Salinas v Barney Skanska Constr. Co.,* 2 AD3d 619, 622 [2003]; *Fowler v CCS Queens Corp.,* 279 AD2d 505 [2001]).

To be held liable under Labor Law § 200, "when a claim arises out of alleged defects or dangers in the methods or materials of the work, recovery against the owner or general contractor cannot be had . . . unless it is shown that the party to be charged had the authority to supervise or control the performance of the work" (*Ortega v Puccia,* 57 AD3d 54, 61 [2008]). Here, the defendant submitted deposition testimony demonstrating that it had no authority to supervise or control the performance of the claimant's work, and the claimant failed to raise a triable issue of fact in opposition. On this basis, the Court of Claims properly granted those branches of the defendant's motion which were for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action (*id.; see Chowdhury v Rodriguez,* 57 AD3d 121 [2008]; *see generally Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]).

In view of the foregoing, we need not address the claimant's remaining contention. Spolzino, J.P., Angiolillo, Dickerson and Belen, JJ., concur.