■ ANGELO DeLISO, Appellant-Respondent, v STATE OF NEW YORK, Respondent-Appellant. [892 NYS2d 533]—

Contrary to the defendant's contention, the Court of Claims properly denied those branches of its motion which were for summary judgment dismissing the common-law negligence and Labor Law § 200 claims. In response to the defendant's prima facie showing that it did not control the work site at which the claimant allegedly was injured, and that it neither created nor had actual or constructive notice of the hazardous conditions that allegedly caused the accident in which the claimant was purportedly injured, the claimant raised a triable issue of fact as to whether the defendant had sufficient control over the work site and notice of the alleged hazardous conditions (*see Hirsch v Blake Hous., LLC*, 65 AD3d 570, 571 [2009]; *Aguilera v Pistilli Constr. & Dev. Corp.*, 63 AD3d 763, 764 [2009]; *Fuchs v Austin Mall Assoc., LLC*, 62 AD3d 746, 747 [2009]; *Van Salisbury v Elliott-Lewis*, 55 AD3d 725, 726 [2008]).

Contrary to the claimant's contention, the court properly granted that branch of the defendant's motion which was for summary judgment dismissing the Labor Law § 241 (6) claim since the Industrial Code provisions relied upon by the claimant were inapplicable. The hoses on which the claimant allegedly tripped were an integral part of the work being performed at the purported site of the accident and, thus, did not violate 12 NYCRR 23-1.7 (e) (1) or (2) (*see O'Sullivan v IDI Constr. Co., Inc.*, 7 NY3d 805, 806 [2006]; *Venezia v State of New York*, 57 AD3d 522, 523 [2008]; *Dubin v S. DiFazio & Sons Constr., Inc.*,

34 AD3d 626, 627 [2006]; *Stafford v Viacom, Inc.*, 32 AD3d 388, 390 [2006]; *Furino v P & O Ports*, 24 AD3d 502, 503-504 [2005]; *Schroth v New York State Thruway Auth.*, 300 AD2d 1044 [2002]). In addition, contrary to the claimant's contention, the defendant did not violate 12 NYCRR 23-1.7 (b) (1), since the gap into which his leg allegedly entered after he tripped over the hoses was too narrow for a worker to fall through (*see Messina v City of New York*, 300 AD2d 121 [2002]; *Alvia v Teman Elec. Contr.*, 287 AD2d 421 [2001]; *cf. Wells v British Am. Dev. Corp.*, 2 AD3d 1141 [2003]).

The claimant's remaining contention is without merit. Prudenti, P.J., Mastro, Florio and Austin, JJ., concur.