■ JERZY PIROG, Respondent, v 5433 PRESTON COURT, LLC, Appellant. [910 NYS2d 167]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (F. Rivera, J.), dated October 30, 2009, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The defendant owns property in Brooklyn used by the plaintiff's employer to store construction-related materials for use on various construction projects in New York City. The plaintiff allegedly injured his hand while he and his coworkers were placing pipes onto a stack of pipes located on the defendant's property. The plaintiff subsequently commenced this ac-

tion against the defendant asserting causes of action sounding in common-law negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6).

The defendant established, prima facie, that at the time of the accident, the plaintiff was not engaged in construction work within the meaning of Labor Law § 240 (1) and was not working in a construction area within the meaning of Labor Law § 241 (6) (*see Hurtado v Interstate Materials Corp.*, 56 AD3d 722 [2008]; *Furino v P & O Ports*, 24 AD3d 502, 503 [2005]; *Peterkin v City of New York*, 5 AD3d 652 [2004]). With respect to Labor Law § 200 and common-law negligence, the accident arose from alleged dangers concerning the methods of the plaintiff's work, and the defendant made a prima facie showing that it did not have the authority to supervise or control the performance of the plaintiff's work (*see Ortega v Puccia*, 57 AD3d 54, 61-63 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Therefore, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint.

In light of our determination, we need not address the defendant's remaining contentions. Fisher, J.P., Dillon, Florio and Lott, JJ., concur.