■ RICARDO FLORES, Appellant, v ERC HOLDING LLC et al., Respondents. [928 NYS2d 7]—

Plaintiff, a steel framing laborer employed by nonparty subcontractor Kriti Contracting, was injured at a facility in Bronx County that Kriti leased from defendant 458 E. 144th

Street Realty Corp. for the storage of its equipment and materials. Kriti had been retained to perform steel framing work by defendant West Star Construction, the general contractor for a project to erect a building on property owned by defendant ERC in Queens County. Plaintiff reported for work at Kriti's Bronx facility, as he regularly did, where he was directed to cut several 17-foot steel beams from 40-foot lengths. After completing the first cut, he was instructed by Kriti's principal (who was also West Star's principal) to affix the 700-pound steel beam to the bucket of a backhoe so that the beam could be lifted onto a truck for transport to the Queens construction site. Plaintiff was injured when the backhoe shifted and tilted causing the beam to come loose from the cables that bound it, fall to the ground and bounce up, striking plaintiff, who was helping to guide the beam with his hands. There is evidence in the record that there was uneven ground and debris in the storage yard and that the cables and chains holding the beam to the backhoe bucket could have been better secured. There is also evidence that other beams were transported to the Queens site from the Bronx storage yard for use in construction that day, that plaintiff had cut one beam to the requisite size before he was injured, and that plaintiff was to have gone in the transport truck to work at the Queens construction site for the rest of the day.

Performing construction work for purposes of Labor Law § 240 (1) (*see Joblon v Solow*, 91 NY2d 457, 465 [1998] [material alteration to the premises]) and working at a construction site for purposes of Labor Law § 241 (6) (*see Mosher v State of New York*, 80 NY2d 286 [1992] [repaving project]) are distinguished from fabricating and transporting materials to be used in connection with ongoing work at a construction site. Dispositive is that at the time of his injury, plaintiff was engaged in the fabrication and loading of steel at his employer's Bronx facility, not in performing construction work at the Queens site (*Jock v Fien*, 80 NY2d 965, 968 [1992] [fabrication not involving any construction activity at the time of injury]; *Dahar v Holland Ladder & Mfg. Co.*, 79 AD3d 1631 [2010] [worker engaged in normal manufacturing process at employer's facility]; *see also Pirog v 5433 Preston Ct., LLC*, 78 AD3d 676 [2010] [stockpiling pipes at storage facility was neither construction work nor work performed in a construction area]; *cf. Nagel v Metzger*, 103 AD2d 1, 8 [1984] [hoisting and land clearing constitute construction work under Labor Law § 241 (6)]).

Cases extending Labor Law protection to injuries sustained at the work site while handling materials essential to the construc-

tion project (*e.g. Brogan v International Bus. Machs. Corp.*, 157 AD2d 76, 79 [1990] [transport from one end of a building to the other "necessitated by and incidental to the construction"]) or while fabricating material integral to the construction work at a separate on-site facility (*e.g. Shields v General Elec. Co.*, 3 AD3d 715 [2004] [fabrication building 100 yards from building under construction]) are distinguishable by such factors as physical proximity and common ownership and operation of the premises. Applying the Labor Law to fabrication performed and loading of steel beams onto a truck for transport some 12 miles away at a facility that is independently owned and operated would be an untoward extension of the protection afforded by the Legislature (*Martinez v City of New York*, 93 NY2d 322, 326 [1999]; *see also Adams v Pfizer, Inc.*, 293 AD2d 291, 292 [2002], *lv denied* 99 NY2d 511 [2003]). Thus, "at the time of the accident, the plaintiff was not engaged in construction work within the meaning of Labor Law § 240 (1) and was not working in a construction area within the meaning of Labor Law § 241 (6)" (*Pirog*, 78 AD3d at 677), and these claims were properly dismissed.

In addition, since plaintiff's accident occurred at an off-site storage yard that ERC did not own and there is no evidence that ERC controlled the storage yard in any manner, ERC is not subject to liability under section 240 (1) in any event (*see Frierson v Concourse Plaza Assoc.*, 189 AD2d 609, 611 [1993]). Nor is defendant 458 E. 144th Street Realty Corp., which owned the storage yard, subject to liability under the statute, since it was not a construction site owner that had hired a construction contractor (*see id.*). The construction work was being performed on ERC's property in Queens, and it was ERC, not 458 E. 144th Street Realty Corp., that hired West Star as the general contractor. Concur—Tom, J.P., Andrias, Friedman, Abdus-Salaam and Román, JJ.