■ JOHN SANDERS, Respondent, v ST. VINCENT HOSPITAL, Appellant, et al., Defendants. (And a Third-Party Action.) [945 NYS2d 343]—

In an action to recover damages for personal injuries, the defendant St. Vincent Hospital appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated March 22, 2011, as denied those branches of its motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200 and 241 (6) insofar as asserted against it, and granted that branch of the plaintiff's cross motion which was for leave to serve an amended bill of particulars.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant St. Vincent Hospital which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 200 insofar as asserted against it, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

"Labor Law § 200 codifies the common-law duty of an owner or employer to provide employees with a safe place to work" (*Romang v Welsbach Elec. Corp.*, 47 AD3d 789, 789 [2008]; *see Nasuro v PI Assoc., LLC*, 49 AD3d 829, 831 [2008]). "Where a premises condition is at issue, property owners may be held liable for a violation of Labor Law § 200 if the owner either created the dangerous condition that caused the accident or had actual or constructive notice of the dangerous condition that caused the accident" (*Ortega v Puccia*, 57 AD3d 54, 61 [2008]).

Here, St. Vincent's Hospital Westchester, sued herein as St. Vincent Hospital (hereinafter the hospital), the owner of the subject premises, established its prima facie entitlement to judgment as a matter of law dismissing the Labor Law § 200 cause of action by demonstrating that it did not create the allegedly dangerous condition, and it did not have either actual or constructive notice of the allegedly dangerous condition (*see Payne v 100 Motor Parkway Assoc., LLC*, 45 AD3d 550, 553 [2007]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of the hospital's motion which was for summary

judgment dismissing the cause of action alleging a violation of Labor Law § 200 insofar as asserted against it.

However, the Supreme Court properly denied that branch of the hospital's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) insofar as asserted against it, and properly granted that branch of the plaintiff's cross motion which was for leave to serve an amended bill of particulars. To establish its Labor Law § 241 (6) cause of action, the plaintiff alleged a violation of 12 NYCRR 23-1.7 (e) (2) for the first time in opposition to the hospital's motion for summary judgment. Contrary to the hospital's contention, the Supreme Court correctly granted the plaintiff leave to amend his bill of particulars to add an allegation that 12 NYCRR 23-1.7 (e) (2) was violated. The amendment presented no new factual allegations or new theories of liability, and did not prejudice the hospital (*see Rico-Castro v Do & Co N.Y. Catering, Inc.*, 60 AD3d 749, 751 [2009]; *Galarraga v City of New York*, 54 AD3d 308, 310 [2008]; *Dowd v City of New York*, 40 AD3d 908, 911-912 [2007]). The fact that the plaintiff raised his allegation of the specific Industrial Code provision for the first time in opposition to the hospital's motion for summary judgment was not fatal to his claim, and was sufficient to raise a triable issue of fact regarding the Hospital's liability pursuant to Labor Law § 241 (6) (*see Latino v Nolan & Taylor-Howe Funeral Home*, 300 AD2d 631, 633-634 [2002]).

12 NYCCR 23-1.7 (e) (2) is inapplicable where the object "over which the [plaintiff] alleges he [or she] tripped was integral to the work being performed" (*Cody v State of New York*, 82 AD3d 925, 928 [2011]; *see Venezia v State of New York*, 57 AD3d 522, 523 [2008]; *Marinaccio v Arlington Cent. School Dist.*, 40 AD3d 714, 715 [2007]; *Dubin v S. DiFazio & Sons Constr., Inc.*, 34 AD3d 626, 627 [2006]). Here, however, the hospital's own submissions presented triable issues of fact as to whether the object, if any, over which the plaintiff tripped and fell was integral to the work being performed (*cf. Marinaccio v Arlington Cent. School Dist.*, 40 AD3d at 715; *Dubin v S. DiFazio & Sons Constr., Inc.*, 34 AD3d at 627). Angiolillo, J.P., Dickerson, Hall and Cohen, JJ., concur.