Channer v ABAX Inc. (2019 NY Slip Op 01053)





Channer v ABAX Inc.


2019 NY Slip Op 01053


Decided on February 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2016-05722
 (Index No. 700729/14)

[*1]Orrett Channer, appellant, 
v
ABAX Incorporated, respondent.


Dino J. Domina (Lisa M. Comeau, Garden City, NY, of counsel), for appellant.
Rafter & Associates, PLLC, New York, NY (Howard K. Fishman of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert L. Nahman, J.), entered April 20, 2016, as amended July 13, 2016. The order, as amended, granted the defendant's motion for summary judgment dismissing the complaint and denied the plaintiff's cross motion for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6).
ORDERED that the order, as amended, is modified, on the law, by deleting the provisions thereof granting those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 240(1), and substituting therefor provisions denying those branches of the motion; as so modified, the order, as amended, is affirmed, with costs to the plaintiff.
The plaintiff allegedly sustained injuries when he fell while climbing through a window at a public school that was in the midst of an asbestos abatement project. The plaintiff's employer, nonparty ATC Environmental (hereinafter ATC), had been hired to monitor the asbestos removal in progress at the school. The plaintiff commenced this action against the defendant, who was the general contractor in charge of the asbestos removal, alleging common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6). The defendant moved for summary judgment dismissing the complaint, and the plaintiff cross-moved for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6). The Supreme Court granted the defendant's motion and denied the plaintiff's cross motion. The plaintiff appeals.
According to the plaintiff, his duties at the time of his accident were to ensure that the defendant was properly removing and disposing of asbestos, and to collect air samples to "[e]nsure that the building can be reoccupied by the owner." To collect the samples, the plaintiff set up air-sampling pumps at different locations around the proposed work area. On the day of the accident, the plaintiff accessed a scaffold on the outside of the school by stepping onto a milk crate that was beneath a window on the second floor of the school and climbing through the window. The accident occurred when the plaintiff climbed back through the window, stepped onto the milk crate, [*2]and fell. At his deposition, the plaintiff testified that the defendant placed the milk crate under the window and that its employees also used the milk crate as a stepping stool to enter and to exit the scaffold.
Whether inspection work falls within the purview of Labor Law §§ 240(1) and 241(6) "must be determined on a case-by-case basis, depending on the context of the work" (Prats v Port Auth. of N.Y. v N.J., 100 NY2d 878, 883; see Dubin v S. DiFazio & Sons Const., Inc., 34 AD3d 626, 627). Here, the plaintiff, an environmental technician tasked with ensuring that asbestos was properly removed from the school, was a "covered" person under Labor Law §§ 240(1) and 241(6) because "his inspections were essential, ongoing, and more than mere observation" (Dubin v S. DiFazio & Sons Const., Inc., 34 AD3d at 627; see Prats v Port Auth. of N.Y. v N.J., 100 NY2d 878; cf. Martinez v City of New York, 93 NY2d 322).
The defendant demonstrated its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of Labor Law § 240(1) by presenting evidence that it did not place a milk crate beside the window and that it had no knowledge that the plaintiff was using this device to access the scaffold (see Scofield v Avante Contr. Corp., 135 AD3d 929, 931). However, in opposition, the plaintiff raised a triable issue of fact by presenting evidence that the defendant provided the milk crate, that it was a common practice among its employees to obtain access to the scaffold by using the milk crate, and that the plaintiff was not instructed to obtain access to the scaffold by another method, such as by using the scaffold's stairs. Therefore, although we agree with the Supreme Court's denial of that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action, the court also should have denied that branch of the defendant's motion which was for summary judgment dismissing that cause of action.
With respect to the cause of action alleging a violation of Labor Law § 241(6) predicated upon a violation of 12 NYCRR 23-1.7(f), the defendant established, prima facie, that the plaintiff could have accessed the second floor of the building by using stairs (cf. Seepersaud v City of New York, 38 AD3d 753, 755). Therefore, there was no violation of 12 NYCRR 23-1.7(f), which requires a stairway, ramps, or runways. In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, we agree with the Supreme Court's determination to grant that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6), and we agree with the court's denial of that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on that cause of action.
That branch of the defendant's motion which was for summary judgment dismissing the causes of action alleging common-law negligence and violation of Labor Law § 200 should have been denied. "Cases involving Labor Law § 200 fall into two broad categories: namely, those where workers are injured as a result of dangerous or defective premises conditions at a worksite, and those involving the manner in which the work is performed" (Ortega v Puccia, 57 AD3d 54, 61; see Messina v City of New York, 147 AD3d 748, 749). This case involves a premises condition, not an unsafe method or manner of work (see Doto v Astoria Energy II, LLC, 129 AD3d 660, 663; Montalvo v Mumpus Restorations, Inc., 76 AD3d 516, 516; Navarro v City of New York, 75 AD3d 590, 591; Chowdhury v Rodriguez, 57 AD3d 121, 131-132; Wein v Amato Props., LLC, 30 AD3d 506, 506). The defendant established its prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 by presenting evidence that it did not provide the milk crate and had no notice that ATC's employees were obtaining access to the scaffold through the window. In opposition, the plaintiff raised a triable issue of fact by testifying at his deposition that the milk crate was set up by the defendant, and that both he and the defendant's employees used the milk crate to access the scaffold. Accordingly, those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence should have been denied.
RIVERA, J.P., ROMAN, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court