Saquicaray v Consolidated Edison Co. of N.Y., Inc. (2019 NY Slip Op 02460)





Saquicaray v Consolidated Edison Co. of N.Y., Inc.


2019 NY Slip Op 02460


Decided on April 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 2, 2019

Sweeny, J.P., Manzanet-Daniels, Kern, Singh, JJ.


161299/13 8855 595303/14 8854

[*1]Carlos Saquicaray, Plaintiff-Respondent,
v
Consolidated Edison Company of New York, Inc., Defendant.
Consolidated Edison Company of New York, Inc., Third-Party Plaintiff,
v
Clean Up Services, Inc., Third-Party Defendant-Appellant.


Mischel & Horn, P.C., New York (Scott T. Horn of counsel), for appellant.
Gorayeb & Associates, P.C., New York (John M. Shaw of counsel), for respondent.



Order, Supreme Court, New York County (Kelly O'Neill Levy, J.), entered October 27, 2017, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment on the Labor Law § 240(1) claim, and denied the motion of third-party defendant Clean Up Services, Inc. (Clean) for summary judgment dismissing the Labor Law §§ 240(1) and 241(6) claims, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered July 11, 2018, which, inter alia, denied Clean's motion for leave to reargue plaintiff's motion for partial summary judgment on the Labor Law § 240(1) claim and Clean's motion for summary judgment dismissing the Labor Law §§ 240(1) and 241(6) claims, unanimously dismissed, without costs, as taken from a nonappealable order.
Plaintiff made a prima facie showing that the work he was performing as an employee of Clean at the time of his accident was covered under section 240(1). There is no dispute that plaintiff was injured in the course of unloading an approximately two-ton steel plate at a construction site owned by defendant Con Ed, after transporting the plate to the site by truck. Witnesses consistently indicated that Clean routinely unloaded steel plates at the site for the purpose of covering areas excavated for electrical work. Clean performed this work pursuant to a contract that required it to provide steel plates at excavation sites owned by defendant including the subject site, and also required Clean to perform work ancillary to other tasks enumerated under Labor Law § 240(1) such as removing construction-related debris and installing barricades for excavation work (see Prats v Port Auth. of N.Y. & N.J., 100 NY2d 878, 881-882 [2003]). Moreover, plaintiff performed this work on an active construction site while another worker on the site was building a removable roof for a transformer vault.
Clean failed to raise triable issues of fact as to whether plaintiff's work was covered by Labor Law § 240(1). It does not avail Clean to assert that plaintiff unloaded the plate merely for the purpose of storage. The Court of Appeals has rejected an interpretation of Labor Law § 240(1) that "would compartmentalize a plaintiff's activity and exclude from the statute's coverage preparatory work essential to the enumerated act" (Saint v Syracuse Supply Co., 25 NY3d 117, 125 [2015]). This case is distinguishable from cases where a worker was injured while performing preparatory or fabrication work at his or her employer's facility, remote from the defendants' construction site (see e.g. Flores v ERC Holding LLC, 87 AD3d 419 [1st Dept [*2]2011]; cf. Gerrish v 56 Leonard LLC, 147 AD3d 511 [1st Dept 2017], affd 30 NY3d 1125 [2018]).
Since the court properly granted partial summary judgment in favor of the Labor Law § 240(1) claim, Clean's remaining arguments, concerning plaintiff's Labor Law § 241(6) claim, are academic (see Fanning v Rockefeller Univ., 106 AD3d 484, 485 [1st Dept 2013]).
The order denying Clean's reargument motion to the extent appealed from is not appealable (see D'Andrea v Hutchins, 69 AD3d 541 [1st Dept 2010]). This was not a case where the court effectively granted reargument by reaching the merits and
adhering to its prior decision (compare Jean v Chinitz, 163 AD3d 497, 499 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 2, 2019
CLERK