Karandisecky v City of New York (2021 NY Slip Op 06950)





Karandisecky v City of New York


2021 NY Slip Op 06950


Decided on December 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 14, 2021

Before: Kern, J.P., Kennedy, Scarpulla, Mendez, Shulman, JJ. 


Index No. 310180/11E Appeal No. 14840 Case No. 2019-05397 

[*1]John Karandisecky, Plaintiff-Appellant,
v
The City of New York, et al., Defendants-Respondents.


Law Office of Ephrem J. Wertenteil, New York (Ephrem J. Wertenteil of counsel), for appellant.
Cozen O'Connor, New York (Eric J. Berger of counsel), for respondents.



Amended order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered on or about November 4, 2019, which, to the extent appealed from, granted defendants' motion for summary judgment dismissing the Labor Law § 241(6) claim predicated upon Industrial Code (12 NYCRR) § 23-1.7(d), unanimously reversed, on the law, without costs, and the motion denied.
Plaintiff, a subcontractor's foreman, testified that he was attempting to unlock the door of the office trailer at 6:30 a.m. to review construction documents kept therein and to prepare the trailer for the day's employee meeting when he slipped and fell on the staircase landing-platform just outside the trailer door. Photographic exhibits reflect snow and ice on the narrow staircase. This evidence presents issues of fact as to whether plaintiff was engaged in a construction-related activity at the time he slipped and fell (see 12 NYCRR 23-1.4[b][13]; Gherardi City of New York, 49 AD3d 280 [1st Dept 2008]) and whether the landing on which he fell was the type of surface contemplated under 12 NYCRR 23-1.7(d), i.e., whether it was a "walkway" (see e.g. Quigley v Port Auth. of N.Y & N.J., 168 AD3d 65 [1st Dept 2018]) or a "passageway" (see Conklin v Triborough Bridge & Tunnel Auth., 49 AD3d 320 [1st Dept 2008]) or a "platform" (see Beltrone v City of New York, 299 AD2d 306 [2d Dept 2002]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 14, 2021