■ Oscar Becerra, Appellant, v City of New York et al., Respondents. [690 NYS2d 52] —Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about November 24, 1997, which, to the extent appealed from, denied plaintiff's motion for partial summary judgment on liability against the City of New York on his Labor Law § 240 (1) claim, unanimously reversed, on the law, without costs or disbursements, and the motion granted.

On August 20, 1992, plaintiff, an employee of Volmar Construction, Inc., was engaged in demolition and carpentry renovation at 279-287 Brook Avenue, in the Bronx, a City-owned building, when he was injured. As part of the project, the building's first, second and third floors had been removed. On that particular date, plaintiff was working at an elevated level on the fourth or fifth floor on a temporary plywood platform that was not attached to the walls or otherwise secured in any way. There was nothing between the level at which plaintiff was working and the basement. No safety devices were provided to prevent workers from falling from the platform. Immediately prior to the accident, plaintiff was engaged in throwing demolition debris into a pile of trash that eventually would be disposed of through a window chute. Immediately after plaintiff threw a beam onto a pile of debris, one of the beams at the top of the pile began to shift in plaintiff's direction, causing plaintiff, fearful for his safety, to make a small jump away from the moving beam. As he did so, the unsecured makeshift plywood floor gave way, creating an opening in the floor into which plaintiff fell. Plaintiff remained trapped to the level of his shoulders until his co-workers were able to free him. There is no evidence or other circumstance suggesting that the accident did not occur as plaintiff described it.

The motion court denied plaintiff's partial summary judgment motion, finding factual issues as to how plaintiff fell, where he was standing when he fell, whether his working assignment involved an elevation-related risk and "whether a possible breach of § 240 (1) was a proximate cause of plaintiff's accident." We reverse.

Although the unsecured plywood boards supporting plaintiff four stories above ground level are described by the parties as a floor, they served, conceptually and functionally, as an elevated platform or scaffold. In *Rocovich v Consolidated Edison Co.* (78 NY2d 509), the Court of Appeals determined that the contemplated hazards of Labor Law § 240 (1) were those related to the effects of gravity, which required protective devices because of either a difference between the elevation level of the required work and a lower level or the difference between the elevation level of materials and a lower level where a worker was present. Later, in *Ross v Curtis-Palmer Hydro-Elec. Co.* (81 NY2d 494), the Court limited the special hazards referred to in *Rocovich* (*supra*) to "such specific gravity-related accidents as falling from a height or being struck by a falling object that was improperly hoisted or inadequately secured."

(*Supra*, at 501.) It is well established that a partial fall through a hole caused by shifting boards of a scaffold is covered by Labor Law § 240 (1). (*Laguna v 285 Cent. Park W. Corp.*, 244 AD2d 241; *Bennion v Goodyear Tire & Rubber Co.*, 229 AD2d 1003; *Robertti v Chang*, 227 AD2d 542, 543, *lv dismissed* 88 NY2d 1064; *Carnicelli v Miller Brewing Co.*, 191 AD2d 980.) Indeed, even if plaintiff had fallen through a hole in a permanent floor while performing construction work, the accident would be deemed gravity related and within the purview of section 240 (1). (*Carpio v Tishman Constr. Corp.*, 240 AD2d 234.)

Since the collapse of the floor constituted a prima facie violation of section 240 (1) (*see, Richardson v Matarese*, 206 AD2d 353), plaintiff should be awarded partial summary judgment on liability pursuant to Labor Law § 240 (1). Concur—Ellerin, P. J., Sullivan, Williams and Tom, JJ.