(June 15, 1999)

■ MICHAEL KEEGAN et al., Appellants-Respondents, v SWISSOTEL NEW YORK, INC., et al., Respondents-Appellants, et al., Defendant. SWISSOTEL NEW YORK, INC., et al., Third-Party Plaintiffs-Appellants, v HALLEN WELDING SERVICE, INC., Third-Party Defendant-Respondent. (And a Fourth-Party Action.) [692 NYS2d 39] —Judgment, Supreme Court, New York County (Fern Fisher-Brandveen, J.), entered March 24, 1997 which, upon a jury verdict in defendants' favor, dismissed the complaint, unanimously modified, on the law and the facts, plaintiff's motion to set aside the verdict as against the weight of the evidence granted, the complaint reinstated and the matter remanded for a new trial thereon; defendant Swissotel's cross-claims against co-defendant Cor-Rep reinstated; co-defendant Cor-Rep's cross-claims reinstated against Hallen Welding; the third-party action, wherein third-party plaintiff Swissotel seeks common-law and contractual indemnification

against third-party defendant Hallen Welding, reinstated, and otherwise affirmed, without costs. Appeal from the order of the same court and Justice, entered March 24, 1997, denying plaintiff's post-trial motion pursuant to CPLR 4404 to set aside the verdict, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Swissotel, the owner of the Drake Hotel, contracted with Cor-Rep, a general contractor, to conduct renovation work there, including the installation of two elevator shafts. Cor-Rep subcontracted the steel work necessary for the elevator work to Hallen, which employed plaintiff Michael Keegan, an iron worker. Hoisting the necessary steel for the elevator shafts required the making of 6-foot by 8-foot holes through each floor from the ground to the roof. Smaller holes also had to be chopped into the concrete slab of each floor as footings to accommodate support beams for each shaft. Cor-Rep, and not Hallen, was responsible for cutting all holes, and its duty in that regard to safeguard the resulting openings is undisputed. This included the regulatory duty to cover or otherwise fence off openings. Hallen, responsible for hoisting the steel beams, during which all persons not part of the operation were excluded from the area, placed the beams on each floor close to their respective openings. While hoisting steel to the roof through the cable shaft, plaintiff volunteered to go to a lower, locked, floor, where no work was being done, to untangle hoisting cables. Upon entering that floor, he saw several uncovered openings as well as others that were only shielded with construction debris. He also saw a 20-foot by 30-foot elevator shaft opening, around which he had to pass to access the tangled cable. To reach the cable, he walked along a steel column placed on the floor, and stepped off onto what he believed to be a firm surface. Instead it was a partially covered 18-inch square hole. His left leg slipped through the opening up to his buttocks and he hit his knee cap on the steel beam, resulting in injuries. Thomas Ringkamp, testifying for Cor-Rep, indicated that Hallen was responsible for hoisting, that Cor-Rep employees covered the openings with plywood, though some were not secured to allow for access to them by Hallen employees placing vertical steel columns in them, and that Hallen employees occasionally removed covers from openings without replacing them. He also noted that the floor was locked to secure the area against accidents.

Plaintiff sued Swissotel as owner, and Cor-Rep as general contractor, for violations of Labor Law § 200 and, relevant to this appeal, section 241 (6). Regarding the latter claim, plaintiff

alleged that only partially covering the hole with loose plywood violated Industrial Code (12 NYCRR) § 23-1.7 (b) (1) (i), which requires that openings be fenced off or that substantial covers be fastened in place. Swissotel, as the owner, commenced a third-party action against Hallen for common-law indemnity, and cross-claimed against Cor-Rep, the general contractor, for common-law and contractual indemnity. Cor-Rep then also cross-claimed against Hallen, its subcontractor, for common-law and contractual indemnity. During trial, Swissotel moved for a directed verdict on its indemnification claims against Cor-Rep, claiming that Swissotel had no active involvement in the renovation project and that, insofar as its potential liability was statutory, it was entitled to full indemnification.

Plaintiff sought judgment against Cor-Rep on the Labor Law § 241 (6) claim, Cor-Rep moved for common-law indemnification against Hallen, and Hallen sought dismissal of the claims against it on the basis that it did not control the floor where the injury occurred. Plaintiff's motion was denied, and decisions on all others were deferred. The jury's verdict found that plaintiff's injury resulted from a job site accident, that Cor-Rep controlled the work site, but that neither Swissotel nor Cor-Rep had violated either Labor Law § 200 or § 241 (6). Plaintiff's motion for judgment notwithstanding the verdict, arising from purported irregularities regarding jury deliberations, and to set aside the judgment as against the weight of the evidence, was denied. Since the verdict was against the weight of the evidence, we reverse and remand for a new trial.

Labor Law § 241 (6) imposes a nondelegable duty of reasonable care on owners and contractors with regard to employees in areas under construction, placing ultimate responsibility on those statutorily responsible parties (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501-502). In this case, plaintiff must demonstrate a violation by defendant of an Industrial Code rule or regulation mandating compliance with a specific, positive command (*Rizzuto v Wenger Contr. Co.*, 91 NY2d 343), violation of which, while not imposing per se liability, nevertheless may be considered in evaluating negligence (*Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 522; *Schmeer v County of Monroe*, 175 AD2d 633; *Rizzuto v Wenger Contr. Co., supra*). Upon proof of negligence, other statutorily responsible parties become vicariously liable without regard to their particularized fault (*Ross v Curtis-Palmer Hydro-Elec. Co., supra*, at 502, n 4).

On appeal, to defeat the claim under Labor Law § 241 (6) defendants rely on the locking of the entrance door to the floor

in issue and the need for accessibility to the openings where columns would be placed to excuse them from not fastening a plywood cover over the hole through which plaintiff fell. Part 23 of the Industrial Code sets forth clear requirements regarding securing the openings. We reject the contention that securing the door to the floor somehow exonerates a party from securing the openings, especially when this plaintiff was within the class of persons expected to require access to that floor and thus, would be exposed to the hazards of an unsecured hole. Nor did the evidence plausibly establish that the ready accessibility to the opening for columns prevented compliance with part 23, especially since barriers around the opening, or fastenings on plywood covers, could be easily removed during the necessary operation. Moreover, no installation work was being performed on the day plaintiff was injured, undermining the purported need for ready access. Since the evidence in this regard so preponderated in favor of plaintiff that the verdict could not have been reached on any fair interpretation of that evidence (*Lolik v Big V Supermarkets,* 86 NY2d 744), a new trial is necessary. Finally, whether or not plaintiff was himself negligent may require an apportionment of liability but does not absolve defendants of their own liability under section 241 (6) (*Zimmer v Chemung County Performing Arts, supra*).

If Swissotel's liability was only vicarious, it would be entitled to common-law indemnification from the at-fault parties (*Buccini v 1568 Broadway Assocs.,* 250 AD2d 466; *Sheridan v Beaver Tower,* 229 AD2d 302, 304, *lv dismissed* 89 NY2d 860 [in absence of supervisory control, owner entitled to indemnification from tortfeasor]), ordinarily to be apportioned at trial. It also appears that Swissotel is entitled to judgment on its contractual indemnification claims (*Velez v Tishman Foley Partners,* 245 AD2d 155). Neither Cor-Rep nor Hallen dispute Swissotel's claims, as a cross-claim in the main action and in the third-party action, respectively, to contractual indemnification. However, since we remand for a new trial in the main action it is preferable to defer such rulings to the trial court.

The trial court erred in dismissing Cor-Rep's cross-claims against Hallen, which also should be remanded for trial. Hallen controlled the hoisting activities, supervised plaintiff, and directed plaintiff to untangle the cable.

Finally, we find no basis to disturb that branch of the trial court's ruling under CPLR 4404 that the verdict was not the result of jury misconduct during the deliberation process. Concur—Ellerin, P. J., Rosenberger, Tom and Saxe, JJ.