■ CHRISTOPHER OWEN, Appellant, v SCHULMANN CONSTRUCTION CORP. et al., Respondents, et al., Defendants. (And Other Titles.) [809 NYS2d 544]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (Satterfield, J.), entered April 13, 2004, as, upon a jury verdict, and the denial of the plaintiff's motion pursuant to CPLR 4404 (a) to set aside the verdict as contrary to the weight of the evidence, is in favor of the defendants Schulmann Construction Corp. and Jorob Electric Corp. and against him dismissing the complaint.

Ordered that the judgment is reversed insofar as appealed from, on the facts, with one bill of costs, the motion is granted, the jury verdict in favor of the defendants Schulmann Construction Corp. and Jorob Electric Corp. is set aside, the complaint insofar as asserted against those defendants is reinstated, and the plaintiff is granted a new trial against the defendants Schulmann Construction Corp. and Jorob Electric Corp.

The plaintiff was a plumber on a work site where the defendant Schulmann Construction Corp. (hereinafter Schulmann) was a general contractor and the defendant Jorob Electric Co. (hereinafter Jorob) was an electrical subcontractor. Jorob was responsible for clearing away its electrical debris. At the trial, the plaintiff testified that while working after hours to install a vent, he attempted to walk around a pile of debris approximately 10 feet by 10 feet in size and tripped on a piece of electrical cable which wrapped around his ankle.

The jury found that 12 NYCRR 23-1.7 (e) (2), prohibiting debris and scattered tools and materials in a working area, was violated but further found that this violation did not constitute a failure to use reasonable care. The jury did not reach the question of proximate cause nor the question of whether the plaintiff's negligence, if any, contributed to the accident.

Where the case proceeds to trial, and the jury finds a violation of the industrial code but nevertheless absolves the defendant of liability, the verdict should be set aside if the defendant's explanation as to why the violation did not constitute negligence is not plausible (*see Keegan v Swissotel N.Y.*, 262 AD2d 111, 114 [1999]).

On the issue of whether the industrial code violation constituted a violation of the duty to exercise reasonable care, the evidence established that the materials were not an integral part of the work being performed. The accident occurred after hours, when the electrical work for the day had been completed. There is no explanation in the record as to why the debris was not removed (*see Rosado v Briarwoods Farm, Inc.*, 19 AD3d 396, 399 [2005]; *Keegan v Swissotel N.Y., supra*).

The defendants claim that the plaintiff could have walked around the pile of debris. However, the question of whether the plaintiff was negligent in failing to keep a safe distance related to an issue of comparative fault, which was not reached by the jury (*see Tulovic v Chase Manhattan Bank*, 309 AD2d 923, 924 [2003]). The plaintiff's comparative fault, if any, would not absolve a defendant of liability pursuant to Labor Law § 241 (6) (*see Keegan v Swissotel N.Y., supra* at 114).

The plaintiff's remaining contentions are unpreserved for ap-

pellate review or without merit. Crane, J.P., Goldstein, Lifson and Dillon, JJ., concur.