▪ RONALD NORWOOD et al., Respondents, v WHITING-TURNER CONTRACTING COMPANY, Appellant. [836 NYS2d 222]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Dutchess County (Pagones, J.), dated June 13, 2006, which granted the plaintiffs' motion for summary judgment on the issue of liability pursuant to Labor Law § 240 (1).

Ordered that the order is affirmed, with costs.

The plaintiff Ronald Norwood (hereinafter Norwood) allegedly was injured when the makeshift scaffold on which he was standing failed, causing him to fall approximately six feet to the ground below. The scaffold consisted of unsecured planks laid on top of pipes protruding from the building. At his deposition, Norwood testified that he could not have used a ladder to reach his work site, and that a foreman or supervisor had told him to use "what was there" in order to reach the area.

On this record, Norwood established, prima facie, that the makeshift scaffold did not provide him with proper protection, as required pursuant to Labor Law § 240 (1), and that the statutory violation was a proximate cause of his injury. In opposition, the defendant failed to present evidence sufficient to raise a triable issue of fact as to whether a statutory violation occurred or whether Norwood's own conduct was the sole proximate cause of the accident (see Moniuszko v Chatham Green, Inc., 24 AD3d 638 [2005]). Accordingly, the Supreme Court properly granted Norwood's motion for summary judgment on the issue of liability pursuant to Labor Law § 240 (1) (see Nimirovski v

*Vornado Realty Trust Co.*, 29 AD3d 762 [2006]; *Torino v KLM Constr.*, 257 AD2d 541 [1999]). Schmidt, J.P., Goldstein, Fisher and Lifson, JJ., concur.