■ EGBERT MORGAN, Respondent, v NEIGHBORHOOD PARTNERSHIP HOUSING DEVELOPMENT FUND COMPANY, INC., Defendant, and GREAT AMERICAN CONSTRUCTION CO., INC., Appellant. (And Other Titles.) [855 NYS2d 671]—

In an action to recover damages for personal injuries, the defendant Great American Construction Co., Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated February 7, 2007, as granted the plaintiff's motion for summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action and denied those branches of its cross motion which were to dismiss the common-law negligence and Labor Law §§ 200, 240 (1) and § 241 (6) causes of action insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the cross motion of the defendant Great American Construction Co., Inc., which was for summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as asserted against it, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

The plaintiff was injured while working at a building owned by the defendant Neighborhood Partnership Housing Development Fund Company, Inc. (hereinafter NPH), which had been gutted for renovation. The defendant Great American Construction Co., Inc. (hereinafter GAC) was the general contractor at the site.

The plaintiff demonstrated his prima facie entitlement to judgment as a matter of law on the Labor Law § 240 (1) cause of action (see Norwood v Whiting-Turner Contr. Co., 40 AD3d 718 [2007]; Kok Choy Yeen v NWE Corp., 37 AD3d 547, 549 [2007]; Becerra v City of New York, 261 AD2d 188, 189-190 [1999]; Richardson v Matarese, 206 AD2d 353, 353 [1994]). In opposition, GAC failed to raise a triable issue of fact as to whether the plaintiff was a recalcitrant worker for purposes of defeating the motion (see Stolt v General Foods Corp., 81 NY2d 918, 920 [1993]; Andino v BFC Partners, 303 AD2d 338, 340 [2003]). Accordingly, the Supreme Court did not err in granting the plaintiff's motion.

Contrary to the determination of the Supreme Court, GAC properly relied, in its cross motion papers, on arguments NPH set forth in support of those branches of its cross motion which were for summary judgment dismissing the Labor Law §§ 200

and 241 (6) causes of action insofar as asserted against NPH, as those branches of NPH's cross motion were pending and undecided.

Where "a plaintiff's injuries stem not from the manner in which the work was being performed, but, rather, from a dangerous condition on the premises, a general contractor may be liable in common-law negligence and under Labor Law § 200 if it has control over the work site and actual or constructive notice of the dangerous condition" (*Keating v Nanuet Bd. of Educ.*, 40 AD3d 706, 708 [2007]). GAC failed to make a prima facie showing that it lacked control over the work site, or actual or constructive notice of the dangerous condition which caused the accident. Therefore, the Supreme Court properly denied that branch of GAC's cross motion which was for summary judgment dismissing the Labor Law § 200 cause of action insofar as asserted against it.

However, the Supreme Court should have granted that branch of GAC's cross motion which was for summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as asserted against it. The plaintiff failed to raise a triable issue of fact in opposition to GAC's prima facie showing that the Industrial Code provisions relied upon by the plaintiff, i.e., 12 NYCRR 23-1.11 and 23-1.17, are not applicable to the facts herein.

GAC's remaining contentions either are without merit or need not be reached in view of our determination. Fisher, J.P., Ritter, Dillon and McCarthy, JJ., concur.