■ DAVID RILEY, Appellant, v J.A. JONES CONTRACTING, INC., Respondent. [865 NYS2d 225]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Grays, J.), dated March 3, 2007, as granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action pursuant to Labor Law § 241 (6) based on alleged violations of 12 NYCRR 23-1.7 (d) and (e) (2).

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion which was for summary judgment dismissing so much of the complaint as sought to recover damages pursuant to Labor Law § 241 (6) based on a violation of 12 NYCRR 23-1.7 (e) (2), and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff, a bricklayer, allegedly was injured when he tripped on a brick while standing on an elevated scaffold where he was constructing a wall to replace one he had previously built. After the plaintiff's job superintendent realized he had instructed the plaintiff to construct the original wall at the wrong height, the superintendent directed the plaintiff to demolish the original wall and immediately begin rebuilding it at the correct height. The superintendent, allegedly to conceal his error, refused to allow the scaffold to be cleared before the plaintiff began constructing the replacement wall, and instead, directed

the plaintiff to immediately erect a replacement wall using as many of the approximately 600 bricks from the first wall as could be salvaged.

The Supreme Court properly awarded summary judgment to the defendant with respect to the alleged violation of 12 NYCRR 23-1.7 (d), which prohibits owners and contractors from permitting a worker to use a scaffold when the working surface of the scaffold is in a slippery condition. In opposition to the defendant's prima facie showing that it was entitled to judgment as a matter of law since the scaffold surface was not slippery, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

However, the defendant failed to establish its prima facie entitlement to judgment as a matter of law regarding the alleged violation of 12 NYCRR 23-1.7 (e) (2), which requires owners and contractors to maintain working areas free from tripping hazards such as, inter alia, debris and scattered materials "insofar as may be consistent with the work being performed" (12 NYCRR 23-1.7 [e] [2]). Triable issues of fact exist as to whether the brick over which the plaintiff allegedly tripped was integral to the work being performed or was "debris" (*Beltrone v City of New York*, 299 AD2d 306, 308 [2002]; *Lenard v 1251 Ams. Assoc.*, 241 AD2d 391, 393-394 [1997]; *cf. Dubin v S. DiFazio & Sons Constr., Inc.*, 34 AD3d 626 [2006]). Ritter, J.P., Miller, Dillon and McCarthy, JJ., concur.