THOMAS QUINN, Appellant, v WHITEHALL PROPERTIES, II, LLC, et al., Respondents, et al., Defendants. (And a Third-Party Action.) [891 NYS2d 482]—

The defendant Whitehall Properties, II, LLC (hereinafter Whitehall), is the owner of a building located in Manhattan, and the defendant Pan-Am Equities, Inc. (hereinafter Pan-Am), is the managing agent thereof. Whitehall and Pan-Am (hereinafter together the defendants) entered into a lease with a restaurant franchisee for commercial space within the building, in which a restaurant was to be constructed. The defendant Shiny Construction, Inc. (hereinafter Shiny Construction), was the general contractor for the project.

At the time of the subject accident, the plaintiff was working as a steam fitter for a subcontractor hired by Shiny Construction, and was in the process of installing the main line for a sprinkler system at the subject premises. The plaintiff alleged that the floor of the area where he was working was covered in debris and scattered materials, and that he had to clear an area in order to place his ladder. As he alighted from the ladder, the plaintiff alleges that he stepped onto debris, which caused him to fall and sustain injury.

The defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of Labor Law § 241 (6), which was predicated upon an alleged violation of 12 NYCRR 23-1.7 (e) (2). This section of the Industrial Code requires owners and contractors to maintain working areas free from tripping hazards such as, inter alia, debris and scattered materials "insofar as may be consistent with the work being performed" (12 NYCRR 23-1.7 [e] [2]). The evidence submitted by the defendants in support of their motion for summary judgment failed to demonstrate the absence of triable issues of fact as to whether the materials that the plaintiff alleges he stepped on and caused him to fall were integral to the work being performed, or constituted mere "debris" (*Riley v J.A. Jones Contr., Inc.*, 54 AD3d 744, 745

[2008]; cf. *Galazka v WFP One Liberty Plaza Co., LLC,* 55 AD3d 789, 790 [2008]). Moreover, any comparative negligence on the part of the plaintiff does not preclude liability founded upon a violation of Labor Law § 241 (6) (*see Owen v Schulmann Constr. Corp.,* 26 AD3d 362, 363 [2006]; *Bradley v Morgan Stanley & Co., Inc.,* 21 AD3d 866, 868 [2005]), and the defendants failed to establish that the plaintiff's actions were the sole proximate cause of the accident. Accordingly, the Supreme Court should not have awarded the defendants summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) insofar as asserted against them (*see generally Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]).

The defendants' remaining contention is without merit. Fisher, J.P., Covello, Santucci and Balkin, JJ., concur.