■ PATRICK G. TREU, Appellant-Respondent, v RICHARD R. CAPPELLETTI, Jr., Individually and Doing Business as CAPPEL-LETTI REMODELING AND RENOVATIONS, Respondent-Appellant. (And a Third-Party.) [897 NYS2d 199]—

In an action to recover damages for personal injuries, (1) the plaintiff appeals, as limited by his brief, from so much of an or-der of the Supreme Court, Dutchess County (Brands, J.), dated

September 3, 2008, as granted those branches of the motion of the defendant Richard R. Cappelletti, Jr., individually and doing business as Cappelletti Remodeling and Renovations, which were for summary judgment dismissing the causes of action to recover damages for violations of Labor Law § 240 (1) and § 241 (6) insofar as asserted against him, and denied those branches of his cross motion which were for summary judgment on the issue of liability on those causes of action, (2) the defendant Richard R. Cappelletti, Jr., individually and doing business as Cappelletti Remodeling and Renovations, appeals, as limited by his notice of appeal and brief, from so much of an order of the same court dated December 15, 2008, as, upon reargument, vacated the determination in the order dated September 3, 2008, granting those branches of his motion which were for summary judgment dismissing the causes of action to recover damages for violations of Labor Law § 240 (1) and § 241 (6) insofar as asserted against him, and thereupon denied those branches of his motion, and (3) the plaintiff appeals, as limited by his brief, from so much of an order of the same court entered March 30, 2009, as, upon reargument, adhered to the determination in the order dated September 3, 2008, denying those branches of his cross motion which were for summary judgment on the issue of liability on the causes of action to recover damages for violations of Labor Law § 240 (1) and § 241 (6), vacated the determination in the order dated December 15, 2008, upon reargument, denying those branches of the motion of the defendant Richard R. Cappelletti, Jr., individually and doing business as Cappelletti Remodeling and Renovations, which were for summary judgment dismissing those causes of action insofar as asserted against that defendant, and thereupon granted those branches of the motion of that defendant.

Ordered that the appeal from so much of the order dated September 3, 2008, as granted those branches of the motion of the defendant Richard R. Cappelletti, individually and doing business as Cappelletti Remodeling and Renovations, which were for summary judgment dismissing the causes of action to recover damages for violations of Labor Law § 240 (1) and § 241 (6) insofar as asserted against him is dismissed, without costs or disbursements, as that portion of the order was superseded by the order dated December 15, 2008, made upon reargument; and it is further,

Ordered that the appeal from so much of the order dated September 3, 2008, as denied those branches of the plaintiff's cross motion which were for summary judgment on the issue of liability on the causes of action to recover damages for viola-

tions of Labor Law § 240 (1) and § 241 (6) is dismissed, as that portion of the order was superseded by the order entered March 30, 2009, made upon reargument; and it is further,

Ordered that the appeal from the order dated December 15, 2008, is dismissed, without costs or disbursements, as that order was superseded by the order entered March 30, 2009, made upon reargument; and it is further,

Ordered that the order entered March 30, 2009, is modified, on the law, (1) by deleting the provision thereof, upon reargument, vacating the determination in the order dated December 15, 2008, denying those branches of the motion of the defendant Richard R. Cappelletti, Jr., individually and doing business as Cappelletti Remodeling and Renovations, which were for summary judgment dismissing the causes of action to recover damages for violations of Labor Law § 240 (1) and § 241 (6) insofar as asserted against him and thereupon granting those branches of the motion, and substituting therefor a provision, upon reargument, adhering to the determination in the order dated December 15, 2008, denying those branches of the motion, and (2) by deleting the provision thereof, upon reargument, adhering to the determination in the order dated September 3, 2008, denying that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on the cause of action to recover damages for a violation of Labor Law § 240 (1), and substituting therefor a provision, upon reargument, vacating the determination in the order dated September 3, 2008, denying that branch of the cross motion and thereupon granting that branch of the cross motion; as so modified, the order entered March 30, 2009, is affirmed insofar as appealed from, without costs or disbursements.

As the general contractor of the construction site where a single-family residence was being built, the defendant Richard R. Cappelletti, Jr., individually and doing business as Cappelletti Remodeling and Renovations (hereinafter Cappelletti) hired the third-party defendant Pat Treu Construction, Inc. (hereinafter PTCI), to perform certain roofing work. Pursuant to an oral agreement assented to by the plaintiff, Patrick G. Treu, in his capacity as the sole owner of PTCI, PTCI was obligated to provide all materials and equipment necessary to complete the work.

On the day of the accident that is the subject of this action, an employee of PTCI erected a scaffold constructed of two lean-to ladders, two ladder brackets attached to the rungs of each ladder, and a wooden plank laid horizontally across the brackets. When leaned against a wall, the scaffolding loosely

resembled an upper-case letter "H." The wooden plank was not secured to the brackets, and the plank itself extended approximately four feet to the left beyond the left ladder. While standing on the plank, the plaintiff stepped onto the four-foot long section that projected out past the left ladder, causing the plank to tip, and fell approximately eight to nine feet to the ground, allegedly sustaining injuries.

The plaintiff commenced the instant action against Cappelletti, among others, alleging, inter alia, violations of Labor Law § 240 (1) and § 241 (6). Cappelletti moved for summary judgment dismissing the complaint insofar as asserted against him, arguing, among other things, that the plaintiff's conduct was the sole proximate cause of his injuries. The plaintiff crossmoved, inter alia, for summary judgment on the issue of liability on the Labor Law § 240 (1) and § 241 (6) causes of action. Upon reargument, the Supreme Court granted those branches of Cappelletti's motion which were for summary judgment dismissing the Labor Law § 240 (1) and § 241 (6) causes of action, and adhered to a prior order denying that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on those causes of action. We modify.

"Labor Law § 240 (1) imposes a nondelegable duty upon owners and contractors to provide or cause to be furnished certain safety devices for workers at an elevated work site, and the absence of appropriate safety devices constitutes a violation of the statute as a matter of law" (*Andino v BFC Partners*, 303 AD2d 338, 339 [2003]). Generally, to succeed on a cause of action alleging a violation of Labor Law § 240 (1), a plaintiff must establish a violation of the statute and that such violation was a proximate cause of his or her resulting injuries (*see* Labor Law § 240 [1]; *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 287 [2003]; *Plass v Solotoff*, 5 AD3d 365, 366 [2004]). Where there is no statutory violation, or where the plaintiff is the sole proximate cause of his or her own injuries, there can be no recovery under Labor Law § 240 (1) (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d at 290).

Here, the plaintiff made a prima facie showing of his entitlement to judgment as a matter of law on the Labor Law § 240 (1) cause of action by demonstrating that his injuries were proximately caused by Cappelletti's failure to satisfy his nondelegable obligation of providing safe ladders or scaffolding for the elevation-related work at the construction site (*see Morgan v Neighborhood Partnership Hous. Dev. Fund Co., Inc.*, 50 AD3d 866 [2008]; *Norwood v Whiting-Turner Contr. Co.*, 40 AD3d 718 [2007]; *Becerra v City of New York*, 261 AD2d 188, 189 [1999]).

In opposition, Cappelletti failed to raise a triable issue of fact as to whether a statutory violation occurred, or whether the plaintiff's actions were the sole proximate cause of his own injuries (*cf. Plass v Solotoff*, 5 AD3d at 366-367; *Heffernan v Bais Corp.*, 294 AD2d 401, 403 [2002]). Accordingly, summary judgment should have been awarded to the plaintiff against Cappelletti on the issue of liability on the Labor Law § 240 (1) cause of action.

Furthermore, Cappelletti failed to establish his prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of Labor Law § 241 (6), which was predicated upon an alleged violation of 12 NYCRR 23-5.1 (c) (1) and (2). The evidence submitted by Cappelletti failed to demonstrate the absence of a triable issue of fact as to whether the scaffolding provided was "so constructed as to bear four times the maximum weight required to be dependent therefrom or placed thereon when in use" (12 NYCRR 23-5.1 [c] [1]), or furnished "adequate horizontal and diagonal bracing to prevent any lateral movement" (12 NYCRR 23-5.1 [c] [2]). Moreover, Cappelletti failed to demonstrate that the cited provisions were inapplicable to the instant case, or that the alleged violations of the cited provisions were not a proximate cause of the plaintiff's injuries (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494 [1993]; *Abreo v URS Greiner Woodward Clyde*, 60 AD3d 878, 880-881 [2009]; *Tomyuk v Junefield Assoc.*, 57 AD3d 518, 521 [2008]). While any comparative negligence on the part of the plaintiff may require an apportionment of liability, such comparative negligence does not absolve Cappelletti of his own liability under Labor Law § 241 (6) (*see Quinn v Whitehall Props., II, LLC*, 69 AD3d 599 [2010]; *Keegan v Swissotel N.Y.*, 262 AD2d 111, 114 [1999]). Accordingly, the Supreme Court erred in granting that branch of Cappelletti's motion which was for summary judgment dismissing the Labor Law § 241 (6) cause of action.

Finally, the exclusivity provisions of the Workers' Compensation Law do not preclude recovery under Labor Law § 240 (1) and § 241 (6) as against Cappelletti (*see* Workers' Compensation Law § 11). Rivera, J.P., Angiolillo, Dickerson and Roman, JJ., concur.