■ ANDREW READ RAMSEY, Appellant-Respondent, v LEON D. DEMATTEIS CONSTRUCTION CORPORATION et al., Respondents-Appellants. [912 NYS2d 654]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), entered February 1, 2010, as denied his motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), and the defendants cross-appeal, as limited by their brief, from so much of the same order as denied their cross motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the

provisions thereof denying those branches of the defendants' cross motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against the defendants New York City School Construction Authority, New York City Department of Education, formerly known as Board of Education, and City of New York, and substituting therefor provisions granting those branches of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

This action arises out of injuries the plaintiff allegedly sustained in a construction accident that occurred on June 27, 2007, on property owned by the defendants New York City Department of Education, formerly known as Board of Education (hereinafter the BOE), and City of New York. The defendant New York City School Construction Authority (hereinafter the SCA) hired the defendant Leon D. DeMatteis Construction Corporation (hereinafter DeMatteis) to act as general contractor for the construction of an intermediate/high school on the subject property. DeMatteis hired nonparty subcontractor Action Elevator Company (hereinafter Action) to construct and install three elevators in the school building. The plaintiff was an apprentice elevator mechanic employed by Action.

At a hearing pursuant to General Municipal Law § 50-h and at an examination before trial, the plaintiff testified that he was working in an elevator shaft under construction in an area level with the first floor. The empty shaft below him was approximately 20 feet deep. The shaft had no walls, but was marked off with steel beams encased in orange plastic mesh with metal cables around the perimeter. There was tubular steel inside the shaft to which the plaintiff was affixing rails for the elevator. The plaintiff and his supervisor from Action laid "scaffolding" across the open shaft, consisting of two aluminum planks, each about two feet wide. The planks were laid on the concrete floor approximately $1^1/_2$ to 2 feet apart, with their ends extending about a foot on either side of the shaft. According to the plaintiff, the ends were not affixed to the floor. DeMatteis's assistant superintendent, Sal Coladonato, testified, at his deposition, that carpenters, at DeMatteis's direction, placed "two by fours on the ends" of the planks "so they wouldn't shift front to back."

Further, according to his testimony, the plaintiff wore a safety harness with a six-foot lanyard which was attached to a steel cable safety line. As the plaintiff was bending over to pick debris off the metal plank, he stepped on a piece of debris, causing him

to lose his balance. He "dove out" about five feet toward the concrete floor, hitting his knees and hip on the concrete floor before falling between the two pieces of scaffolding. Although he did not remember the metal plank moving when he slipped, he thought that it may have moved when he fell onto it. To stop his fall, he grabbed the concrete floor and a metal cable at the perimeter of the shaft and ended up hanging four or five feet down into the shaft. If he had not grabbed on, the plaintiff testified, his safety harness would have prevented him from falling all the way down the shaft.

The plaintiff commenced this action to recover damages for personal injuries, alleging common-law negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6). The plaintiff moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), and the defendants cross-moved for summary judgment dismissing the complaint.

To succeed on a cause of action pursuant to Labor Law § 240 (1), the plaintiff must establish that an owner or contractor failed to provide appropriate safety devices at an elevated work site and that such violation of the statute was the proximate cause of his injuries (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 287 [2003]; Garlow v Chappaqua Cent. School Dist., 38 AD3d 712, 714 [2007]). Here, the parties' submissions in support of their respective motions on this cause of action revealed the existence of triable issues of fact as to whether the metal planks or "scaffolding" and the safety harness with which the plaintiff was provided were proper protection under the statute and whether the plaintiff should have been provided with additional safety devices (see Ortiz v Turner Constr. Co., 28 AD3d 627, 629 [2006]; see also Bonilla v State of New York, 40 AD3d 673 [2007]; Garlow v Chappaqua Cent. School Dist., 38 AD3d at 714). Accordingly, neither the plaintiff nor the defendants met their prima facie burden of establishing entitlement to judgment as a matter of law on the Labor Law § 240 (1) cause of action (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).

The defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of Labor Law § 241 (6), which was predicated upon an alleged violation of 12 NYCRR 23-1.7 (e) (2). This section of the Industrial Code requires owners and contractors to maintain working areas free from tripping hazards such as, inter alia, debris and scattered materials "insofar as may be consistent with the work being performed" (12 NYCRR 23-1.7

[e] [2]). The evidence submitted by the defendants in support of their motion for summary judgment failed to demonstrate the absence of triable issues of fact as to whether the materials that the plaintiff alleges he stepped on and caused him to fall were integral to the work being performed, or constituted mere "debris" (*see Quinn v Whitehall Props., II, LLC*, 69 AD3d 599 [2010]; *Riley v J.A. Jones Contr., Inc.*, 54 AD3d 744, 745 [2008]; *cf. Galazka v WFP One Liberty Plaza Co., LLC*, 55 AD3d 789, 790 [2008]).

Contrary to DeMatteis's additional contentions, it failed to establish, prima facie, that it was entitled to summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against it. DeMatteis's submissions, specifically the deposition testimony of Coladonato, failed to eliminate all triable issues of fact as to whether DeMatteis had actual or constructive notice of the alleged dangerous debris condition on the premises which caused the plaintiff to fall (*see Bridges v Wyandanch Community Dev. Corp.*, 66 AD3d 938 [2009]; *Artoglou v Gene Scappy Realty Corp.*, 57 AD3d 460, 462 [2008]).

However, the SCA, the BOE, and the City established their entitlement to summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence by demonstrating that they did not create or have actual or constructive notice of the allegedly dangerous condition (*see Rojas v Schwartz*, 74 AD3d 1046, 1047 [2010]; *LaGiudice v Sleepy's Inc.*, 67 AD3d 969, 972 [2009]; *Ortega v Puccia*, 57 AD3d 54, 61 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Mastro, J.P., Covello, Angiolillo and Lott, JJ., concur.