■ Julio Gonzalez, Respondent, v Magestic Fine Custom Home, Also Known as Majestic Capital Partners LLC, et al., Defendants, and Italiano Bros. Drywall, Inc., Appellant. [982 NYS2d 344]—

In an action to recover damages for personal injuries, the defendant Italiano Bros. Drywall, Inc., appeals from so much of an order of the Supreme Court, Queens County (Weiss, J.), dated June 5, 2012, as, upon renewal, denied that branch of its motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) insofar as asserted against it.

Ordered that order is affirmed insofar as appealed from, with one bill of costs.

In connection with the construction of a single-family home, the plaintiff was working on stilts, taping and spackling the kitchen ceiling, when the stilts allegedly became entangled in an electrical cable or wire on the floor, causing the plaintiff to lose his balance and fall to the ground. The defendant Magestic Fine Custom Home was constructing the home, and hired the defendant Italiano Bros. Drywall, Inc. (hereinafter the appellant), to install the drywall or sheetrock. The appellant hired the plaintiff's employer, Nico Drywall Corp., to do taping and spackling work.

The plaintiff subsequently commenced this action, alleging, inter alia, a violation of Labor Law § 241 (6). The appellant moved for summary judgment, inter alia, dismissing the Labor Law § 241 (6) cause of action insofar as asserted against it. Upon renewal, the Supreme Court denied that branch of the appellant's motion.

The appellant failed to establish its prima facie entitlement to judgment as a matter of law regarding the alleged violation of 12 NYCRR 23-1.7 (e) (2), which requires owners and contractors to maintain working areas free from tripping hazards such as debris and scattered materials "insofar as may be consistent with the work being performed," and the alleged violation of 12 NYCRR 23-5.22 (f), which provides that stilts may only be used on floor surfaces "kept free from obstructions, materials, debris, accumulations of dirt or slippery substances." Although the appellant's evidence demonstrated that the electrical cable or wire which became entangled in the plaintiff's stilts was "an integral part of the construction" (*O'Sullivan v IDI Constr. Co., Inc.*, 7 NY3d 805, 806 [2006]; *see Saccenti v City of New York*, 45 AD3d 665, 667 [2007]), the plaintiff's deposition testimony, which was submitted by the appellant in support of its motion, raised a triable issue of fact as to whether the electrical cable or wire was merely lying loose on the floor, unattached to any part of the house, and thus, was not, under the circumstances, an integral part of the construction (*see Ramsey v Leon D. DeMatteis Constr. Corp.*, 79 AD3d 720, 722-723 [2010]; *Quinn v Whitehall Props., II, LLC*, 69 AD3d 599, 600 [2010]; *Riley v J.A. Jones Contr., Inc.*, 54 AD3d 744, 745 [2008]; *McDonagh v Victoria's Secret, Inc.*, 9 AD3d 395, 396 [2004]).

Since the appellant failed to meet its initial burden as the movant, we need not review the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

Accordingly, upon renewal, that branch of the appellant's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) insofar as asserted against it was properly denied. Skelos, J.P., Lott, Roman and Cohen, JJ., concur.