Martinez v 281 Broadway Holdings, LLC (2020 NY Slip Op 02773)





Martinez v 281 Broadway Holdings, LLC


2020 NY Slip Op 02773


Decided on May 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2016-07259
 (Index No. 3684/11)

[*1]Hilario Martinez, plaintiff-respondent, 
v
281 Broadway Holdings, LLC, et al., defendants-respondents, S.J. Electric, Inc., appellant, et al., defendants.


Gallo Vitucci Klar LLP, New York, NY (Jeremy B. Cantor, James V. Deegan, and Andrew M. Lauri of counsel), for appellant.
Friedman, Friedman, Chiaravalloti & Giannini, New York, NY (A. Joseph Giannini and William Schwitzer & Associates, P.C. [Howard R. Cohen], of counsel), for plaintiff-respondent.
Litchfield Cavo LLP, New York, NY (Christopher H. Sommer and Louis F. Eckert of counsel), for defendants-respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant S.J. Electric, Inc., appeals from an order of the Supreme Court, Kings County (Wayne P. Saitta, J.), dated June 8, 2016. The order granted the plaintiff's motion for summary judgment on the issue of liability on the Labor Law § 241(6) cause of action insofar as asserted against the defendants 281 Broadway Holdings, LLC, and Pavarini McGovern, LLC, and denied the motion of the defendant S.J. Electric, Inc., for summary judgment dismissing the Labor Law §§ 200 and 241(6) and common-law negligence causes of action insofar as asserted against it.
ORDERED that the appeal from so much of the order as denied that branch of the motion of the defendant S.J. Electric, Inc., which was for summary judgment dismissing the Labor Law § 200 cause of action insofar as asserted against it is dismissed as academic, without costs or disbursements, as that portion of the order was, in effect, vacated by an order of the same court dated February 16, 2017, made upon reargument (see Martinez v 281 Broadway Holdings, LLC, ____ AD3d ____ [Appellate Division Docket No. 2017-04471; decided herewith]); and it is further,
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting the plaintiff's motion for summary judgment on the issue of liability on the Labor Law § 241(6) cause of action insofar as asserted against the defendants 281 Broadway Holdings, LLC, and Pavarini McGovern, LLC, and substituting therefor a provision denying that motion, and (2) by deleting the provision thereof denying that branch of the motion of the defendant S.J. Electric, Inc., which was for summary judgment dismissing the Labor Law § 241(6) cause of action insofar as asserted against it, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements; and it is further,
ORDERED that, upon searching the record, summary judgment is awarded to the defendants 281 Broadway Holdings, LLC, and Pavarini McGovern, LLC, dismissing the Labor Law § 241(6) cause of action insofar as asserted against them.
In December 2010, the plaintiff was working on a project to construct a new building for the defendant 281 Broadway Holdings, LLC (hereinafter 281 Broadway). The defendant Pavarini McGovern, LLC (hereinafter Pavarini), was the general contractor on the project. Pavarini hired the defendant S.J. Electric, Inc. (hereinafter SJE), to do the electrical work. The plaintiff, who was employed by a nonparty subcontractor to do cement work, alleged that he was injured when his right foot became entangled in electrical wires hanging from the ceiling. The plaintiff alleged that, at the time of the accident, he was carrying a sheet of wood and metal, eight feet by three feet in size, and weighing 150 pounds. The electrical wires had been imbedded in the ceiling by SJE, and were waiting to be attached to various light fixtures and receptacles.
Thereafter, the plaintiff commenced this action, asserting causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 241(6). The plaintiff moved for summary judgment on the issue of liability on his Labor Law § 241(6) cause of action insofar as asserted against 281 Broadway and Pavarini. SJE opposed that motion, and moved for summary judgment dismissing the Labor Law §§ 200 and 241(6) and common-law negligence causes of action insofar as asserted against it. The Supreme Court granted the plaintiff's motion and denied SJE's motion. SJE appeals.
The Supreme Court should have granted that branch of SJE's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6) insofar as asserted against it. To prevail on a cause of action alleging a violation of Labor Law § 241(6), a plaintiff "must set forth a violation of a specific rule or regulation promulgated by the Commissioner of the Department of Labor" (Brown v Brause Plaza, LLC, 19 AD3d 626, 628). Here, the plaintiff alleged a violation of 12 NYCRR 23-1.7(e)(2), which requires that "[t]he parts of floors, platforms and similar areas where persons work or pass shall be kept free from accumulations of dirt and debris and from scattered tools and materials and from sharp projections insofar as may be consistent with the work being performed." However, 12 NYCRR 23-1.7(e)(2) is "inapplicable [where] the material over which [a plaintiff] alleges he [or she] tripped was integral to the work being performed" (Cody v State of New York, 82 AD3d 925, 928; see O'Sullivan v IDI Constr. Co., Inc., 7 NY3d 805, 806; Castillo v Starrett City, 4 AD3d 320, 322). Since the transcripts of the deposition testimony submitted by SJE in support of its motion demonstrated that the electric wires at issue were an integral part of the construction, the requirements of 12 NYCRR 23-1.7(e)(2) are inapplicable. SJE therefore established its prima facie entitlement to judgment as a matter of law dismissing the Labor Law § 241(6) cause of action insofar as asserted against it. In opposition, the plaintiff failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562). Moreover, for the same reasons, the court should have denied the plaintiff's motion for summary judgment on the issue of liability on the Labor Law § 241(6) cause of action insofar as asserted against 281 Broadway and Pavarini (see Mixon v TBV, Inc., 76 AD3d 144, 156 n 2), and, upon searching the record, we award summary judgment to 281 Broadway and Pavarini dismissing the Labor Law § 241(6) cause of action insofar as asserted against them (see CPLR 3212[b]; see e.g. Parker v 205-209 E. 57th St. Assoc., LLC, 100 AD3d 607, 608-609; Parrales v Wonder Works Constr. Corp., 55 AD3d 579, 582; Anarumo v Slattery Assoc., 298 AD2d 339, 340).
However, we agree with the Supreme Court's denial of that branch of SJE's motion which was for summary judgment dismissing the common-law negligence cause of action insofar as asserted against it. Where, as here, the plaintiff contends that his or her injuries arose not from the manner in which the work was performed, but rather from an allegedly dangerous condition at the work site, liability under common-law negligence may be imposed upon a subcontractor where it had control over the work site and either created the allegedly dangerous condition or had actual or constructive notice of it (see Vita v New York Law Sch., 163 AD3d 605, 607; Payne v 100 Motor Parkway Assoc., LLC, 45 AD3d 550, 553; see also Bruno v Board of Educ. of Cent. School Dist. #5, 74 AD3d 1114, 1115; Morgan v Neighborhood Partnership Hous. Dev. Fund Co., Inc., 50 AD3d 866, 867). An award of summary judgment in favor of a subcontractor on a negligence cause of action is improper where the "evidence raise[s] a triable issue of fact as to whether [the subcontractor's] employee created an unreasonable risk of harm that was the proximate cause of the injured plaintiff's injuries" (Erickson v Cross Ready Mix, Inc., 75 AD3d 519, 523 [internal quotation marks omitted]). Here, the evidence submitted by SJE did not eliminate triable issues of fact as to whether it created an unreasonable risk of harm by leaving the wires dangling at the worksite in the manner in which it did and whether that risk was a proximate cause of the plaintiff's injuries (see Lombardo v Tag Ct. Sq., LLC, 126 AD3d 949, 950; Poracki v St. Mary's R.C. Church, 82 AD3d [*2]1192, 1196; Erickson v Cross Ready Mix, Inc., 75 AD3d at 523). Those issues remain to be determined by the factfinder (see generally Hain v Jamison, 28 NY3d 524, 528-529; Derdiarian v Felix Contr. Corp., 51 NY2d 308, 314-315).
SJE's remaining contentions are not properly before this Court.
AUSTIN, J.P., HINDS-RADIX, MALTESE and CHRISTOPHER, JJ., concur.

2016-07259 DECISION & ORDER ON MOTION
Hilario Martinez, plaintiff-respondent, v 281 Broadway
Holdings, LLC, et al., defendants-respondents,
S.J. Electric, Inc., appellant, et al., defendants.
(Index No. 3684/11)

Motion by the defendants-respondents, inter alia, to dismiss an appeal from an order of the Supreme Court, Kings County, dated June 8, 2016, on the ground that the order dated June 8, 2016, has been superseded by an order of the same court dated February 16, 2017. By decision and order on motion of this Court dated May 9, 2017, that branch of the motion which is to dismiss the appeal was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the branch of the defendants-respondents' motion which is to dismiss the appeal is denied.
AUSTIN, J.P., HINDS-RADIX, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court