Flores v Exotic Design & Wire LLC (2023 NY Slip Op 05660)

Flores v Exotic Design & Wire LLC

2023 NY Slip Op 05660

Decided on November 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 09, 2023

Before: Webber, J.P., Friedman, González, Kennedy, O'Neill Levy, JJ. 

Index No. 26717/19, 43445/20 Appeal No. 976 Case No. 2022-02190 

[*1]Walter Jonathan Contreras Flores, Plaintiff-Respondent,
v
Exotic Design & Wire LLC, Defendant-Appellant, 168 Owner LLC et al., Defendants. [And A Third-Party Action]

Abrams Fensterman, LLP, Brooklyn (Melanie I. Wiener of counsel), for appellant.
Mischel & Horn, P.C., New York (Christen Giannaros of counsel), for respondent.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on May 19, 2022, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment as to liability on the Labor Law § 240(1) claim, and denied defendant/third-party plaintiff Exotic Design & Wire LLC (Exotic)'s motion for summary judgment dismissing that cause of action, unanimously affirmed, without costs.
Plaintiff established prima facie Exotic's violation of Labor Law § 240(1) by showing that the plywood sheet covering the bathtub that he was directed to stand on while framing a window three feet off the floor lifted, causing him to fall to the floor and suffer injury. By placing the plywood over the bathtub upon which plaintiff was required to work, Exotic created the functional equivalent of an elevated platform or scaffold (see DaSilva v Toll First Ave., LLC, 199 AD3d 511, 512 [1st Dept 2021]; Becerra v City of New York, 261 AD2d 188, 189 [1st Dept 1999]). Exotic failed to rebut this showing or otherwise raise an issue of fact. Exotic's claim that a fall from three feet rendered the statute inapplicable is unavailing (see Rubio v New York Proton Mgt., LLC, 192 AD3d 438, 439 [1st Dept 2021]; see also Auriemma v Biltmore Theatre, LLC, 82 AD3d 1, 9 [1st Dept 2011]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 9, 2023