Telesford v Port Auth. of N.Y. & N.J. (2026 NY Slip Op 00035)

Telesford v Port Auth. of N.Y. & N.J.

2026 NY Slip Op 00035

Decided on January 06, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 06, 2026

Before: Webber, J.P., Friedman, Mendez, Shulman, Hagler, JJ. 

Index No. 25178/16|Appeal No. 5484|Case No. 2024-06875|

[*1]Kevon Telesford et al., Plaintiffs-Respondents,
vPort Authority of New York and New Jersey, et al., Defendants-Appellants, Gem Marble & Granite Corp., et al., Defendants.

Gerber, Ciano, Kelly Brady LLP, Garden City (Brendan T. Fitzpatrick of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Kenneth J. Gorman of counsel), for respondents.

Order, Supreme Court, Bronx County (Elizabeth A. Taylor, J.), entered on or about October 16, 2024, which, to the extent appealed from as limited by the briefs, granted the motion of plaintiff Kevon Telesford for partial summary judgment on his Labor Law § 240(1) claim, unanimously affirmed, without costs.
Plaintiff established his prima facie entitlement to summary judgment on his Labor Law § 240(1) claim through the submission of his deposition testimony and photographs taken moments after his fall depicting the scene of the incident, which corroborated his testimony. Plaintiff testified that he was descending a staircase and as he stepped onto a stair at its bottom, the Corex, which is a white material placed on all the stairs to protect the marble, collapsed and plaintiff's foot descended into a hole 8 — 12 inches deep below his knee. Plaintiff testified that he believed the stairs were complete and that the Corex was stone. However, according to plaintiff, the bottom stair was actually missing and there was nothing under the Corex (see Palumbo v Citigroup Tech., Inc., 240 AD3d 455, 456 [1st Dept 2025]; Brown v 44 St. Dev., LLC, 137 AD3d 703, 703-704 [1st Dept 2016]). The fact that plaintiff stopped himself from falling to the ground and did not fall completely into the hole, does not preclude the application of Labor Law § 240(1) (see Striegel v Hillcrest Hgts. Dev. Corp., 100 NY2d 974, 978 [2003]; Becerra v City of New York, 261 AD2d 188, 189-190 [1st Dept 1999]).
Moreover, the assistant superintendent of the project for Tishman, testified that there was no marble underneath the Corex and that there was "something missing there." He further conceded that an unprotected hole under the Corex should have been secured (see generally Pesca v City of New York, 298 AD2d 292, 293 [1st Dept 2002]).
Plaintiff established that the collapse was foreseeable (see Jones v 414 Equities LLC, 57 AD3d 65, 79-80 [1st Dept 2008]). The assistant superintendent acknowledged that although the area did not need to be taped off or barricaded, if a Tishman superintendent had seen the Corex, they would have directed the subcontractor to remove it. Moreover, he acknowledged that plywood over rigid Styrofoam should have been in place over the unfinished landing instead of Corex.
Defendants have not pointed to any admissible evidence in the record indicating that plaintiff was the sole proximate cause of his injury and thus have failed to rebut plaintiff's prima facie case on summary judgment. Even if there are issues of fact as to whether plaintiff was comparatively negligent, this is not a defense to a Labor Law § 240(1) action.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 6, 2026